[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**RECEIVED**

AUG 12 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

|  |  |
|---|---|
| GAKUBA, PETER | ) |
| (IDOC PRISONER # M52946) | ) |
| | ) |
| Plaintiff(s), | ) 1:19-cv-05429 |
| | ) Judge John J. Tharp, Jr |
| | ) Magistrate Judge Jeffrey Cummings |
| vs. | ) PC9 |
| JOHN + | ) |
| BROWN, DORSTHY & JANE DOES 1-)50 | ) |
| (1ˢᵗ CIR. CT., COOK CO. CLERK ), | ) |
| INDIVIDUAL & OFFICIAL CAPACITY | ) |
| Defendant(s). | ) |

50 W. WASHINGTON ST., STE. 1001
CHICAGO, IL 60602

## COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS

*This form complaint is designed to help you, as a* pro se *plaintiff, state your case in a clear manner. Please read the directions and the numbered paragraphs carefully. Some paragraphs may not apply to you. You may cross out paragraphs that do not apply to you. All references to "plaintiff" and "defendant" are stated in the singular but will apply to more than one plaintiff or defendant if that is the nature of the case.*

1.  This is a claim for violation of plaintiff's civil rights as protected by the Constitution and

    laws of the United States under 42 U.S.C. §§ 1983, 1985, and 1986.

2.  The court has jurisdiction under 28 U.S.C. §§ 1343 and 1367.

3.  Plaintiff's full name is ___PETER GAKUBA (M52946)___
    ROBINSON CORREC. CTR.
    13423 E. 1150ᵀᴴ AVE.
    ROBINSON, IL 62454
*If there are additional plaintiffs, fill in the above information as to the first-named plaintiff and complete the information for each additional plaintiff on an extra sheet.*

1

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

4. Defendant, __DOROTHY BROWN & JOHN + JANE DOES 1-50__ , is
(name, badge number if known)

☒ an officer or official employed by __1ˢᵗ CIRCUIT COURT, COOK CO. CLERK__ ;
(department or agency of government)

__50 W. WASHINGTON ST., STE. 1001__ or
__CHICAGO, IL 60602__

☐ an individual not employed by a governmental entity.

### *If there are additional defendants, fill in the above information as to the first-named defendant and complete the information for each additional defendant on an extra sheet.*

5. The municipality, township or county under whose authority defendant officer or official

acted is __COOK CO.__ . As to plaintiff's federal

constitutional claims, the municipality, township or county is a defendant only if

custom or policy allegations are made at paragraph 7 below.

6. On or about __JUNE - PRESENT 2019__ at approximately __N/A__ ☐ a.m. ☐ p.m.
(month,day, year)
plaintiff was present in the municipality (or unincorporated area) of __* SEE ATTACHED__

__HANDWRITTEN COMPLAINT *__ , in the County of ____ ,

State of Illinois, at ____ ,
(identify location as precisely as possible)

when defendant violated plaintiff's civil rights as follows *(Place X in each box that applies)*:

☐ arrested or seized plaintiff without probable cause to believe that plaintiff had committed, was committing or was about to commit a crime;
☐ searched plaintiff or his property without a warrant and without reasonable cause;
☐ used excessive force upon plaintiff;
☐ failed to intervene to protect plaintiff from violation of plaintiff's civil rights by one or more other defendants;
☐ failed to provide plaintiff with needed medical care;
☐ conspired together to violate one or more of plaintiff's civil rights;
☒ Other:
__DENIED ACCESS TO COURTS BY FAILING 3x TO FILE CAKUDA'S__

__'PRO SE' INDIGENT PRISONER IL. STATE HABEAS CORPUS PETITION.__
__( JUNE 10, JULY 11, JULY 25, 2019  3x PRISON LEGAL MAILED).__
__( SEE ATTACHED COMPLAINT w/ EXHS., APPENDICES)__

2

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____.

7.  Defendant officer or official acted pursuant to a custom or policy of defendant

    municipality, county or township, which custom or policy is the following: (*Leave blank*

    *if no custom or policy is alleged*): \_\_\_ ＊ SEE HANDWRITTEN COMPLAINT ＊ \_\_\_

    _____

    _____

    _____.

8.  Plaintiff was charged with one or more crimes, specifically:

    N\A _____

    _____

    _____

    _____

    _____

9.  (*Place an X in the box that applies. If none applies, you may describe the criminal
    proceedings under "Other"*) The criminal proceedings

    ☐  are still pending.

    ☐  were terminated in favor of plaintiff in a manner indicating plaintiff was innocent.[1]

    ☐  Plaintiff was found guilty of one or more charges because defendant deprived me of a

    fair trial as follows_____

    _____.

    ☒ Other: \_\_\_ N\A _____.

    ---

    [1]Examples of termination in favor of the plaintiff in a manner indicating plaintiff was innocent
    may include a judgment of not guilty, reversal of a conviction on direct appeal, expungement of the
    conviction, a voluntary dismissal (SOL) by the prosecutor, or a *nolle prosequi* order.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

10.     Plaintiff further alleges as follows: (*Describe what happened that you believe supports your claims. To the extent possible, be specific as to your own actions and the actions of each defendant.*)

＊ SEE ATTACHED HANDWRITTEN COMPLAINT (w/ EXHS. & APPENDICES)

11.     Defendant acted knowingly, intentionally, willfully and maliciously.

12.     As a result of defendant's conduct, plaintiff was injured as follows:

1ST AMEND. VIOLS. : DENIED ACCESS TO COURTS BY FAILURE TO FILE

TIME CRITICAL IL. STATE HABEAS CORPUS PETITION: GAKUBA v. NEESE, MICHELLE

(ROBINSON WARDEN)

13.     Plaintiff asks that the case be tried by a jury.   ☒ Yes        ☐ No

4

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

14. Plaintiff also claims violation of rights that may be protected by the laws of Illinois, such as false arrest, assault, battery, false imprisonment, malicious prosecution, conspiracy, and/or any other claim that may be supported by the allegations of this complaint.

N|A

**WHEREFORE,** plaintiff asks for the following relief:

A. Damages to compensate for all bodily harm, emotional harm, pain and suffering, loss of income, loss of enjoyment of life, property damage and any other injuries inflicted by defendant;

B. ☒ *(Place X in box if you are seeking punitive damages.)* Punitive damages against the individual defendant; and

C. Such injunctive, declaratory, or other relief as may be appropriate, including attorney's fees and reasonable expenses as authorized by 42 U.S.C. § 1988.

Plaintiff's signature: _____ 8|7|19

Plaintiff's name *(print clearly or type)*: _____ PETER GAKUBA ( M52946)

Plaintiff's mailing address: ROBINSON CORREC. CTR. 13423 E, 1150TH AVE.

City ROBINSON State IL ZIP 62454

Plaintiff's telephone number: ( ) N|A .

Plaintiff's email address *(if you prefer to be contacted by email)*: N|A

_____

15. Plaintiff has previously filed a case in this district. ☒ Yes ☐ No

*If yes, please list the cases below.*

GAKUBA v. O'BRIEN 12 CV 7296 (M.D.IL.)

CAKUBA v. KARNER 13 CV 50337 (M.D.IL.) 5321?

CAKUBA v. NEESE 17CV50337 (M.D.IL )

*Any additional plaintiffs must sign the complaint and provide the same information as the first plaintiff. An additional signature page may be added.*

5

GAKUBA, PETER
PL.-PET.-APPELLANT                          CASE #

v.    BROWN, DOROTHY              U.S. DISTRICT COURT N.D. IL., E. DIV.
      DEFTS.-RESP.-APPELLEE

| |
|---|
| COMPLAINT - MONETARY DAMAGES & |
| EQUITABLE RELIEF = TRO, PRELIM. &/OR PERM. INJUNCTION, |
| **EMERGENCY**    DECLARATORY JUDGMENT, &/OR ANY OTHER RELIEF |

NOW COMES 'PRO SE' INDIGENT-IMPRISONED PL.-PET.-APPELLANT PETER GAKUBA ("GAKUBA") IN
THE ABOVE-CAPTIONED RELIEF.

GAKUBA STATES THE FOLLOWING UPON KNOWLEDGE, INFO., & BELIEF. 28 USC §1746, 735 ILCS 5/109.

PETER GAKUBA DECLARES UNDER PENALTY OF PERJURY:

① SYNOPSIS = ON APRIL 27, 2021 -- SOME 18 MOS. FROM NOW -- GAKUBA'S FALSE IMPRISON-
MENT WILL END PER A MALICIOUS PROSECUTION FOR STATUTORY RAPE WHEREBY AGE OF
THE PARTIES' AND SEXUAL ACTIVITY ARE THE ELEMENTS OF THE CRIME.

② IN A CASE OF 1ST IMPRESSION, GAKUBA'S BIRTHDATE WAS, FIRST AND FOREMOST, ILLEGALLY
OBTAINED FROM GAKUBA'S HOLLYWOOD VIDEO CUSTOMER RECORDS BY IL STATE POLICE CHARLES
O'BRIEN AND ASA KATE KURTZ IN VIOLATION OF THE VIDEO PRIVACY PROTECTION ACT (VPPA),
18 USC §2710(a), §2710(b)(2)(c), §2710(d), §2710(e). IN VIOLATION OF EX PARTE
YOUNG ($1^{ST}, 4^{TH}, 14^{TH}$ AMENDS.) AND 18 USC §2710(d)'s PROSCRIPTIONS, O'BRIEN & KURTZ
ILLEGALLY RECEIVED GAKUBA'S BIRTHDATE AS "OFFICERS" BEFORE A "GRAND JURY" RENDERING
GAKUBA'S IL. STATE INDICTMENT VOID AB INITIO.

③ UNDER WELL ESTABLISHED STATE HABEAS LAW, A VOID INDICTMENT VOIDS IL. COURTS'
JURISDICTION. SEE 735 ILCS 5/10-124 #1 (OF 7).

④ TO DATE, 4 YEARS OF GAKUBA'S PRO SE IL. STATE AND FED'L LITIGATION HAS FAILED. SEE
GAKUBA 2017 IL APP (2d) 150794-U (DIRECT APPEAL); GAKUBA 2019 IL APP (2d) 170144-U (P.C.
APPEAL); GAKUBA 17 CV 50337 (N.D. IL.); GAKUBA 18-3398 (7TH) (HABEAS).

⑤ CONSEQUENTLY, GAKUBA SEEKS NOW IL STATE HABEAS RELIEF WHICH MUST BE GRANTED AS
A MATTER OF LAW = 18 USC §2710(b)(2)(c), §2710(d).

⑥ FACTUAL BACKGROUND/PROCEDURAL HISTORY = ON JUNE 10, 2019 (OR ABOUT) GAKUBA
PRISON LEGAL MAILED HIS PRO SE ~7 PAGE IL. STATE HABEAS CORPUS WRIT PETITION TO =

COURT CLERK, 2600 S. CALIFORNIA AVE., CHICAGO, IL 60601. EXHIBIT # 1a

⑦   AS WELL, GAKUBA PRISON LEGAL MAILED ON OR ABOUT JUNE 13, 2019 A COPY TO: MICHAEL CEBULA, OFFICE-IL. ATTORNEY GEN'L, 100 W. RANDOLPH ST., 12TH FL, CHICAGO, IL 60601. EXH. # 1a.

⑧   A COVER LETTER TO THE COURT CLERK WAS INCLUDED PLAINLY STATING GAKUBA SEEKS EXPEDITED REVIEW AND A PROMPT CONFIRMATION RESPONSE. EXHIBIT # 1b.

⑨   ON OR ABOUT JUNE 26, 2019 GAKUBA PRISON LEGAL MAILED A 1-PAGE LETTER TO: "DOROTHY BROWN - COURT CLERK" & "CHIEF JUDGE TIMOTHY EVANS" PLEADING FOR A "COURTESY RESPONSE" CONFIRMING RECEIPT/FILING/DOCKETING OF GAKUBA'S PRO SE 7-PAGE STATE HABEAS (W/~ 200 PAGES OF SUPPORTING RECORDS). EXH. # 1c.

⑩   ON JULY 16, 2019 (RECEIVED JULY 19, 2019) "KEVIN MARSHALL" RESPONDED ON BEHALF OF CHIEF JUDGE EVANS TO GAKUBA'S JUNE 26, 2019 LETTER. MARSHALL (OR HIS ASST.) AS "COURT SERVICES ADMINISTRATOR" STATED THAT JUDGE EVANS COULDN'T "ORDER" DOROTHY BROWN TO FILE/DOCKET GAKUBA'S PLEADING; THAT GAKUBA SHOULD "CONSULT" W/ PRO BONO LAWYERS; AND THAT HE LETTERED DOROTHY BROWN AT 50 W. WASHINGTON ST., STE. 1001, CHICAGO, IL. 60602. EXH. 1d.

⑪   ON OR ABOUT JULY 11, 2019 GAKUBA PRISON LEGAL MAILED 2x HIS PRO SE 7-PAGE STATE HABEAS W/~ 200 PAGES OF SUPPORTING RECORDS. ONLY THIS TIME TO: 2650 S. CALIFORNIA AVE., 5TH FL., CHICAGO, IL 60608. EXH. 1a. (COURT CLERK). INCLUDED WERE A COVER LETTER (6/10/2019) COPY.

⑫   ON OR ABOUT JULY 17, 2019 GAKUBA PRISON LEGAL MAILED A CONFIRMATION LETTER TO CHIEF JUDGE EVANS A 2ND TIME (2x) SEEKING A RESPONSE. EXH. 1e.

⑫a   ON JULY 24, 2019 (GAKUBA'S RECEIPT 7/29/19) MARSHALL SENT A CARBON COPY LETTER TO GAKUBA OF THE EXACT SAME JULY 16, 2019 LETTER(S). EXH. 1f ; ₱10 (SUPRA

⑬   ON JULY 26, 2019 (OR ABOUT) GAKUBA PRISON LEGAL MAILED A 3RD LETTER (3x) TO MARSHALL SEEKING NOTICE/HELP OF HIS PRIOR 3x FILINGS/MAILINGS OF GAKUBA'S 7-PAGE HABEAS W/~ 200 PAGES OF SUPPORTING RECORDS. EXH. 1g.

(14) AND, FOR THE 3RD TIME, GAKUBA ON OR ABOUT JULY 25, 2019 PRISON LEGAL MAILED HIS 7-PAGE HABEAS W/ ~200 PAGES OF SUPPORTING RECORDS TO BOTH THE COURT CLERK AND TO DOROTHY BROWN DIRECT. COURT CLERK ADDRESS: 2650 S. CALIFORNIA AVE. 5TH FLOOR, CHICAGO, IL 60608. BROWN ADDRESS: 50 W. WASHINGTON ST., STE. 1001 CHICAGO, IL 60602. EXH. 1a.

(15) ON JULY 25, 2019 (RECEIVED 7/29/19) BROWN LETTERED GAKUBA STATING THAT NONE OF GAKUBA'S PRO SE PRISON LEGAL MAILINGS WERE RECEIVED. NOT ONE. EXH 1h.

(16) DISTURBING, AS GAKUBA'S VOLUMINOUS MAILINGS ALL WERE RECEIVED IN GAKUBA'S PENDING 7TH U.S.C.A.'s CASES AND PROMPTLY DOCKETED/FILED BY THAT FED'L COURT. GAKUBA 18-3398, 19-1640, 19-1641 (7TH) HABEAS & CIVIL RIGHTS. LIKEWISE, THE 7TH U.S.C.A CLERK PROMPTLY RESPONDED TO ALL GAKUBA'S REQUESTS FOR STATUS REPORTS &/OR DOCKET HISTORY PRINT-OUTS.

(17) IN GAKUBA V. IL 1248481 (U.S.CT.) THE U.S.S.CT. CLERK PROMPTLY FLAGGED DEFECTS IN GAKUBA'S PRO SE CERTIORARI AND RETURNED IT (~100 PAGES) TO GAKUBA FOR CORRECTION ON APRIL 4, 2019. SEE EXHIBIT #2a.

(18) IN PEOPLE V. GAKUBA 2015 IL APP (2d) 150794-U GAKUBA LETTERED BOTH THE CLERKS FOR THE 2ND DISTRICT IL. APP. CT. & IL. SUPREME COURT ON JUNE 17, 2019. EXH. #2b.

(19) ON JUNE 19, 2019 BOTH COURT'S CLERKS PROMPTLY RESPONDED. EXH. #2c.

(20) MONETARY DAMAGES: IDOC CHARGES & 0.10/PAGE FOR COPIES. GAKUBA'S HABEAS W/ RECORDS IS ABOUT ~207 PAGES. ASIDE FROM THE NUMEROUS LETTERS DETAILED SUPRA, GAKUBA MAILED 3 PLEADINGS TO THE 1ST CIRCUIT COURT CLERK AND 1 TO DOROTHY BROWN'S ADMIN. OFFICE: 4 IN TOTAL. TOTAL COPY COSTS ARE: ~$250.00 U.S. POSTAL MAIL COSTS: ~$8.75 × 4 = ~$35. IN TOTAL: $300~. SEE EXHIBIT #3.

(21) THE PASSPORT TO HABEAS RELIEF IS BEING "IN CUSTODY" WHICH MEANS GAKUBA'S APRIL 27, 2021 RELEASE FROM IMPRISONMENT WOULD MOOT ANY PENDING HABEAS. GAKUBA

SEEKS ACTUAL, COMPENSATORY, AND PUNITIVE DAMAGES AS A RESULT.

**\* EMERGENCY \***

(22) EQUITABLE RELIEF: TRO, PRELIM. & PERM. INJUNC. RELIEF, DECL. JUDGMENT, OR OTHER RELIEF ON POINT: HARDEN V. SCHRADER 2019 US APP LEXIS 19678 AT * 3 (7ᵗʰ 7/1/2019) (AT * 3: " BECAUSE HARDEN COMPLAINS ABOUT ACTS THAT PRECEDED THE INITIATION OF PROCESS (THE ALLEGED REFUSAL TO DOCKET A CASE)" THE DISTRICT COURT HAS JURISDICTION. SEE CEN'L AUTO SERV. STATION LLC V. CITY OF CHICAGO 319 F.3d 902, 905 (7ᵗʰ 2003)).

(23) LIKE HARDEN, GAKUBA SEEKS DOCKETING OF HIS PRO SE ~ 207 HABEAS W/ SUPPORTING RECORDS WHICH WERE PRISON LEGAL MAILED THRICE (3x) TO THE 1ˢᵗ CIR. CT. CLERK ON OR ABOUT 6/10/19, 7/11/19, 7/25/19, AS WELL, ONCE (1x) IT WAS MAILED TO BROWN'S ADMINISTRATIVE OFFICE : 7/25/19, TO NO AVAIL.

(24) WORSE STILL, IT APPEARS THAT 6 PRIOR CASES EXIST W/ SIMILAR COMPLAINTS. E.G. ROBINSON V. BROWN 2007 US DIST. LEXIS 52909 AT * 12-15 (N.D.IL. 7/20/07). (LEXIS FILTER: IL. FED'L COURTS + "DOROTHY BROWN" + "ACCESS TO COURTS" + 2000-PRESENT)

(25) CONSEQUENTLY, GAKUBA SEEKS EXPEDITED ADJUDICATION OF THIS CASE'S EQUITABLE RELIEF COMPONENT; FOR MOOTNESS WILL OCCUR OTHERWISE WHEN FACTORING ANY IL. STATE COURT OR 7ᵗʰ U.S.C.A. APPEALS. (NOTE: GAKUBA'S STATE APPEALS TOOK ~ 2 YEARS; FED'L HABEAS ~ 1 YEAR; FED'L APPEAL > 8 MONTHS (AND COUNTING)). JUSTICE DELAYED IS JUSTICE DENIED.

---

VERIFICATION: CERTIFICATION / DECLARATION

PROOF OF FILING + SERVICE

ON 8/7/19 PETER GAKUBA PRISON LEGAL
MAILED THIS PLEADING TO: 18 USC § 1621, 735 ILCS 5/109

UNDER PENALTIES OF PERJURY PER 735 ILCS 5/109, 28 USC §1746, GAKUBA CERTIFIES THE ABOVE STATEMENTS ARE TRUE TO THE BEST OF HIS KNOWLEDGE + BELIEF.

_[signature]_ . 8/7/19

PETER GAKUBA (M52946)
13423 E. 1150TH AVE. ROBINSON, IL 62454

_[signature]_

PETER GAKUBA

4/4

GAKUBA, PETER
    PL.-PET.

   v.  BROWN, DOROTHY
     DEFT., RESP.

CASE #

U.S.D.C. - N.D.IL.
       E.DIV.

| |
|---|
| COMPLAINT — MONETARY DAMAGES & EQUITABLE RELIEF : TRO, PRELIM. &/OR PERM. INJUNCTION, * EMERGENCY * DECLARATORY JUDGMENT, &/OR ANY OTHER RELIEF |

## APPENDICES

EXHIBIT # 1 a - h : GAKUBA → 1ST CIR. COURT PERSONNEL CORRESPONDENCES
         JUNE 2019 TO AUGUST 2019

EXHIBIT # 2 : VARIOUS COURT CLERKS' → GAKUBA CORRESPONDENCES
    a
    &c   APRIL 2019 TO JULY 2019

EXHIBIT # 3 : PRISON COPY & POSTAGE RECEIPTS FOR EXPENSES
       GAKUBA v. NEESE ? (1ST CIR. CT., COOK CO.) (HABEAS)

ATTACHMENT # 1 : GAKUBA v. NEESE ? (1ST CIR. CT., COOK CO.) (HABEAS)
       7-PAGE HABEAS PETITION w/ MOST SALIENT SUPPORTING RECORD(S)

'/1

GAKUBA, PETER

PL.-PET.

v.  BROWN, DOROTHY

DEFT., RESP.

CASE #

U.S.D.C. - N.D.IL.

E.DIV.

COMPLAINT - MONETARY DAMAGES &

EQUITABLE RELIEF - TRO, PRELIM. & /OR PERM. INJUNCTION,

*EMERGENCY* DECLARATORY JUDGMENT, &/OR ANY OTHER RELIEF

## APPENDICES

✓ EXHIBIT # 1 a - h : GAKUBA → 1ˢᵀ CIR. COURT PERSONNEL CORRESPONDENCE[S]

JUNE 2019 TO AUGUST 2019

EXHIBIT # 2 a - c : VARIOUS COURT CLERKS' → GAKUBA CORRESPONDENCES

APRIL 2019 TO JULY 2019

EXHIBIT # 3 : PRISON COPY & POSTAGE RECEIPTS FOR EXPENSES

GAKUBA v. NEESE ? (1ˢᵀ CIR. CT., COOK CO.) (HABEAS)

ATTACHMENT #1 : GAKUBA v. NEESE ? (1ˢᵀ CIR. CT., COOK CO.) (HABEAS)

7-PAGE HABEAS PETITION w/ MOST SALIENT SUPPORTING RECORD[S]

IN THE

CIRCUIT COURT, COOK COUNTY

GAKUBA, PETER
_____
Plaintiff/Petitioner

Vs.                                    No. _____

NEESE, MICHELLE                        HABEAS CORPUS WRIT
_____
Defendant/Respondent

## PROOF/CERTIFICATE OF SERVICE

✱ TO: COURT CLERK                      TO: MICHAEL L. CEBULA
   CIRCUIT CT., COOK CO.                   OFFICE - ATTY. GENERAL
   2650 S. CALIFORNIA AVE., 5TH FL.        100 W. RANDOLPH ST., 12TH FL.
   CHICAGO, IL 60608                       CHICAGO, IL 60601
                                              ✱ 2ND MAILING
        PLEASE TAKE NOTICE that at: N/A AM/PM    JUNE 13  7:10       , 20 19 , I
placed the documents listed below in the institutional mail at _____
Correctional Center, properly addressed to the parties listed above for mailing through the
United States Postal Service. ① PETITION FOR HABEAS CORPUS WRIT (IL.STATE) W/ATTACHMENTS

② APPLICATION FOR WAIVER OF COURT FEES

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109 I declare, under penalty of perjury
that I am a named party in the above action, that I have read the above documents, and that
the information contained therein is true and correct to the best of my knowledge and belief.

DATED: 6/13/2019
✱ 2ND MAILING 7/12/2019                /s/ _____
3RD MAILING 7/25/2019                  Name: _____ PETER GAKUBA
   TO: O. BROWN                        IDOC No. M52946
   50 W.WASHINGTON ST. STE 1001        Robinson _____ Correctional Ctr.
                                       13423 E. 1150th Ave.
                                       Robinson _____, IL 62454

Revised 4/15/16                        ( EXHIBIT 1a  PP.¹/₁ )

TUESDAY, JUNE 11, 2019

PETER BAKUBA (M52946)                    COURT CLERK

ROBINSON CC                              CIRCUIT COURT, COOK CO.

13423 E. 1150TH AVE.           2600 S. CALIFORNIA AVE.

ROBINSON, IL 62454                       CHICAGO, IL 60608

                                         (773) 674-3160

VIA 1ST CLASS MAIL

RE: BAKUBA v. NEESE   2- NEW CASE (CIR. CT., COOK CO.)

    STATE HABEAS - CRIMINAL, NEW INDIGENT CASE

COURT CLERK:

    ENCLOSED FOR PROMPT FILING IS MY 'PROSE' 7-PAGE STATE HABEAS - CRIMINAL. *

    I WILL BE SEEKING EXPEDITED REVIEW BEFORE THE TRIAL COURT, THEN, APPELLATE COURT.

THEREFORE, PLEASE RESPOND QUICKLY WITH THE DOCKETING/FILING DATE

AND ASSIGNED CASE NUMBER.

    AS WELL, RESPOND QUICKLY WITH ANY DEFECTS SUCH THAT I CAN RE-FILE/CORRECT THEM.

                    THANK YOU,

* ATTACHMENTS MAY BE MAILED IN SEPARATE ENVELOPES.

EXHIBIT 1b of 1

1/1

WEDNESDAY, JUNE 26, 2019

PETER GAKUBA (M52946)

DOROTHY BROWN, COURT CLERK

ROBINSON CC

1ST CIRCUIT CT., COOK CO.

13423 E. 1150TH AVE.

2600 S. CALIFORNIA AVE.

ROBINSON, IL 62454

CHICAGO, IL 60601

VIA 1ST CLASS MAIL

RE: GAKUBA v. NEESE ? (1ST CIR. CT. COOK CO.) (STATE HABEAS)

DOROTHY BROWN:

ON OR ABOUT JUNE 11, 2019 I PRISON LEGAL MAILED MY "PRO SE" STATE HABEAS
W/ EXHIBITS, ATTACHMENTS.

ON FRIDAY, JUNE 21, 2019 MY FAMILY TELEPHONED THE COURT CLERK FOR CONFIRM-
ATION IT HAD BEEN FILED/DOCKETED. OF THAT DATE, IT HAD NOT BEEN.

THIS CASE I WILL SEEK EXPEDITED REVIEW (FOR GOOD CAUSE).

CONSEQUENTLY, I'D APPRECIATE YOU (OR YOUR STAFF) KINDLY TO ENSURE
PROMPT FILING/DOCKETING (IF NOT DONE SO ALREADY).

A COURTESY RESPONSE W/ THE CASE'S OPENING DATE WOULD BE WELCOMED
AND APPRECIATED. LIKEWISE, RESPOND W/ THE CASE # FOR FUTURE REFERENCE.

THANK YOU,

EXHIBIT 1C PP'/2

1/1

WEDNESDAY, JUNE 26, 2019

PETER GAKUBA (M52946)                    CHIEF JUDGE TIMOTHY EVANS

ROBINSON CC                              1ST CIRCUIT CT., COOK CO.

13423 E. 1150TH AVE.                     2600 S. CALIFORNIA AVE.

ROBINSON, IL 62454                       CHICAGO, IL 60601

VIA 1ST CLASS MAIL

RE: GAKUBA v. NEESE  ? (1ST CIR. CT., COOK CO.) (STATE HABEAS)

CHIEF JUDGE TIMOTHY EVANS:

ON OR ABOUT JUNE 11, 2019 I PRISON LEGAL MAILED MY "PROSE" STATE HABEAS
W/ EXHIBITS, ATTACHMENTS.

ON FRIDAY, JUNE 21, 2019 MY FAMILY TELEPHONED THE COURT CLERK FOR CONFIRM-
ATION IT HAD BEEN FILED/DOCKETED. OF THAT DATE, IT HAD NOT BEEN.

THIS CASE I WILL SEEK EXPEDITED REVIEW (FOR GOOD CAUSE).

CONSEQUENTLY, I'D APPRECIATE YOU (OR YOUR STAFF) KINDLY TO ENSURE
PROMPT FILING/DOCKETING (IF NOT DONE SO ALREADY).

A COURTESY RESPONSE W/ THE CASE'S OPENING DATE WOULD BE WELCOMED
AND APPRECIATED. LIKEWISE, RESPOND W/ THE CASE # FOR FUTURE REFERENCE.

THANK YOU,

EXHIBIT 10 PP ½



State of Illinois
Circuit Court of Cook County
Office of the Chief Judge

Timothy C. Evans
Chief Judge

Kevin Marshall
Court Services Administrator
Judicial Security

July 16, 2019

69 West Washington Street
Suite 3300
Chicago, Illinois 60602

Mr. Peter Gakuba
#M52946
Robinson Correctional Center
13423 East 1150th Avenue
Robinson, Illinois 62454

Re:     Gakuba v. Neese

Dear Mr. Gakuba:

The Office of the Chief Judge is in receipt of your correspondence dated June 26, 2019. It has been forwarded to Honorable Dorothy Brown, Clerk of the Circuit Court of Cook County, 50 West Washington Street, Suite 1001, Richard J. Daley Center, Chicago, Illinois 60602, for any and all appropriate action.

The chief judge acts solely in an administrative capacity and cannot order an elected official to perform any task or action.

I recognize that your concerns in this matter are of considerable importance to you. Therefore, if you have any questions about your legal rights or the process by which they are adjudicated, I recommend that you consult an attorney, as this office is unable to provide you with advice. If you do not have an attorney or cannot afford the services of an attorney, I have enclosed a legal services directory with telephone numbers and addresses of various agencies which may be of assistance to you.

Sincerely,

Kevin K. Marshall
Court Services Administrator
Office of the Chief Judge

EXHIBIT 1 J pp ½

KKM:mjs

Cc: Honorable Dorothy Brown, Clerk of the Circuit Court of Cook County



State of Illinois
Circuit Court of Cook County

Chambers of
Timothy C. Evans
Chief Judge

Kevin K. Marshall
Court Services Administrator

69 West Washington Street
Suite 3300
George W. Dunne
Cook County Administration Building
Chicago, Illinois 60602
(312) 603-3303

July 16, 2019

Honorable Dorothy Brown
Clerk of the Circuit Court of Cook County
50 West Washington Street, Suite 1001
Richard J. Daley Center
Chicago, Illinois 60602

Re:     Peter Gakuba, #M52946

Dear Clerk Brown:

I have enclosed correspondence concerning the above-referenced individual and case. Please review for any and all appropriate action.

Sincerely,

Kevin K. Marshall
Court Services Administrator
Office of the Chief Judge

KKM:mjs
Enclosure
Cc: Peter Gakuba

EXHIBIT 1d pp. 2/2

WEDNESDAY, JULY 17, 2019

PETER GAKUBA (M52946)

ROBINSON CC

13423 E. 1150TH AVE.

ROBINSON, IL 62454

CHIEF JUDGE T. EVANS

1ST CIRCUIT CT., COOK CO.

DALEY CTR.

50 W. WASHINGTON ST.

CHICAGO, IL 60602

(312) 603-6000

VIA 1ST CLASS MAIL

RE: GAKUBA v. NEESE ?    (1ST CIR. CT.) (HABEAS CORPUS PETITION)

CHIEF JUDGE EVANS:

OH JUNE 11, 2019 I PRISON LEGAL MAILED A 10-PAGE HABEAS W/ ~ 200 PAGES OF SUPPORTING RECORDS. IRE 201.

NOT HEARING BACK FROM THE COURT CLERK A RESPONSE TO MY REQUEST FOR CONFIRMATION THIS TIME CRITICAL PLEADING WAS DOCKETED | FILED, I PRISON LEGAL MAILED IT AGAIN ON JULY 11, 2019.

AS THIS IS A TIME SENSITIVE CASE, I WRITE YOU ASKING FOR HELP IN ENSURING MY 'PRO SE' STATE HABEAS WRIT IS DOCKETED | FILED W/O NEEDLESS DELAY.

PLEASE RESPOND CONFIRMING THIS CASE HAS BEEN OPENED AND ASSIGNED ; OTHERWISE, JUSTICE DELAYED IS JUSTICE DENIED.

THANK YOU,

EXHIBIT 1e pp⁴/₁

1/1



State of Illinois
Circuit Court of Cook County
Office of the Chief Judge

Timothy C. Evans
Chief Judge

69 West Washington Street
Suite 3300
Chicago, Illinois 60602

Kevin Marshall
Court Services Administrator
Judicial Security

July 24, 2019

Mr. Peter Gakuba
#M52946
Robinson Correctional Center
13423 East 1150th Avenue
Robinson, Illinois 62454

Re:     Gakuba v. Neese, (1st Circuit Court)
        (Habeas Corpus Petition)

Dear Mr. Gakuba:

The Office of the Chief Judge is in receipt of your correspondence dated July 17, 2019. It has been forwarded to Honorable Dorothy Brown, Clerk of the Circuit Court of Cook County, 50 West Washington Street, Suite 1001, Richard J. Daley Center, Chicago, Illinois 60602, for any and all appropriate action.

The chief judge acts solely in an administrative capacity and cannot order an elected official to perform any task or action.

I recognize that your concerns in this matter are of considerable importance to you. Therefore, if you have any questions about your legal rights or the process by which they are adjudicated, I recommend that you consult an attorney, as this office is unable to provide you with advice. If you do not have an attorney or cannot afford the services of an attorney, I have enclosed a legal services directory with telephone numbers and addresses of various agencies which may be of assistance to you.

Sincerely,

Kevin K. marshall/ms.

Kevin K. Marshall
Court Services Administrator
Office of the Chief Judge

ExHIBIT 1e pp'12

KKM:mjs
Cc: Honorable Dorothy Brown, Clerk of the Circuit Court of Cook County



State of Illinois
Circuit Court of Cook County

Chambers of
Timothy C. Evans
Chief Judge

Kevin K. Marshall
Court Services Administrator

69 West Washington Street
Suite 3300
George W. Dunne
Cook County Administration Building
Chicago, Illinois 60602
(312) 603-3303

July 24, 2019

Honorable Dorothy Brown
Clerk of the Circuit Court of Cook County
50 West Washington Street, Suite 1001
Richard J. Daley Center
Chicago, Illinois 60602

Re:     Peter Gakuba, #M52946

Dear Clerk Brown:

I have enclosed correspondence concerning the above-referenced individual and case. Please review for any and all appropriate action.

Sincerely,

Kevin K. Marshall
Court Services Administrator
Office of the Chief Judge

KKM:mjs
Enclosure
Cc:  Peter Gakuba

EXHIBIT 1 f pp ²/₁₂

FRIDAY, JULY 26, 2019

PETER GAKUBA (M52946)

KEVIN MARSHALL

ROBINSON CC

COURT SERVICES ADMINISTRATOR

13423 E. 1150TH AVE.

69 W. WASHINGTON ST., STE 3300

ROBINSON, IL 62454

CHICAGO, IL 60602

VIA 1ST CLASS MAIL

RE: GAKUBA V. NEESE ___ (1ST CIR. CT., COOK CO.) (STATE HABEAS CORPUS WRIT)

KEVIN MARSHALL:

THANK YOU FOR YOUR PROMPT JULY 16, 2019 RESPONSE LETTER TO MY JUNE 26, 2019 COMPLAINT SENT TO CHIEF JUDGE EVANS AND COURT CLERK DOROTHY BROWN.

CLERK BROWN NEVER RESPONDED TO THE JUNE 26, 2019 COMPLAINT SENT NOR YOUR JULY 16, 2019 RESPONSE LETTER.

YOUR SUGGESTION TO RECRUIT A LAWYER HAS BEEN A DEAD END AS I'VE WRITTEN TO +50 LAWYERS SINCE 2015 W/ ZERO INTEREST. PRE-2015 MY RETAINED LAWYER(S) PROVED RAPACIOUS AND DECEITFUL. (E.G. BEAU BRINDLEY)

ACCORDINGLY, I'M PRO SE AND HAVE SUCCEEDED WHEN FAIR, IMPARTIAL JUDGE(S) ADJUDICATE MY CASE. SEE GAKUBA V. O'BRIEN 711 F.3d 751 (7TH 2013).

CONSEQUENTLY, ON JULY 25, 2019 I PRISON LEGAL MAILED ~ FOR THE 3RD TIME ~ MY 7-PAGE HABEAS FILING W/ ~ 200 PAGES OF SUPPORTING RECORDS TO CLERK BROWN'S ADMINISTRATIVE OFFICE STATED IN YOUR LETTER AND TO 2650 S. CALIFORNIA AVE.

I WRITE YOU INQUIRING IF A ~ 207 PAGE PLEADING POSES A PROBLEM? DELAY?. THE 7TH U.S.C.A CLERK HAS PROCESSED/DOCKETED SIMILAR PLEADINGS IN 1-3 DAYS. GAKUBA V. NEESE 18-3398 (7TH).

WOULD YOU RESPOND W/ ANY CONTACTS IN THE COURT CLERK'S OFFICE WHO IS SIMILAR TO YOU? A HANDS-ON PROBLEM SOLVER?.

THANK YOU,

EXHIBIT 19 PP '11

'1

**DOROTHY BROWN**
**CLERK OF THE CIRCUIT COURT**



**Richard J. Daley Center**
**Room 1001**
**Chicago, Illinois 60602**
**(312) 603-5030**
**FAX (312) 603-4557**
**www.cookcountyclerkofcourt.org**

## OFFICE OF THE CLERK OF THE CIRCUIT COURT OF COOK COUNTY

July 25, 2019

Peter Gakuba
#M52946
Robinson Correctional Center
13423 East 1150th Avenue
Robinson, Illinois 62454

Dear Mr. Gakuba:

I am in receipt of your letter received in my office on July 23, 2019, forwarded by the Honorable Timothy C. Evans, Chief Judge of the Circuit Court of Cook County, regarding the status of your Pro se State Habeas w/exhibits attachments. In your letter it was indicated that the documents were sent to the Court Clerk on June 11, 2019.

Please know that the Clerk of the Circuit Court of Cook County Executive Office, has not received the documents you are referring to but I have forwarded you letter to Michael Moore, Executive Clerk for Court Operations and Administration. I have asked Mr. Moore to look into this matter and respond. If you have any questions pertaining to this subject, Mr. Moore can be reached at (312) 603-5400.

The Office of the Clerk of the Circuit Court of Cook County aims to assist customers in a professional, efficient and timely manner. Great customer service is our priority.

If you have any additional questions, I can be contacted at (312) 603-5071.

Sincerely,

Dorothy Brown
Clerk of the Circuit Court of Cook County

Cc: Honorable Timothy C. Evan, Chief Judge, Circuit Court of Cook County
    Kevin K. Marshall, Court Services Administrator, Office of the Chief Judge

DB/lr

EXHIBIT Lh pe'/p



## OFFICE OF THE STATE APPELLATE DEFENDER
### FIRST JUDICIAL DISTRICT

203 North LaSalle Street • 24th Floor
Chicago, Illinois 60601
Telephone: 312/814-5472 • Fax: 312/814-1447
www.state.il.us/defender • E-mail: 1stDistrict@osad.state.il.us

July 26, 2019

**JAMES E. CHADD**
STATE APPELLATE DEFENDER

**PATRICIA MYSZA**
DEPUTY DEFENDER

**DOUGLAS R. HOFF**
ASSISTANT DEPUTY DEFENDER

**CLAIRE MUSIAL**
DIRECTOR OF PARALEGAL
DEPARTMENT

Mr. Peter Gakuba
Register No. M52946
Robinson Correctional Center
13423 East 1150th Avenue
Robinson, IL 62454

RE:   *People v. Peter Gakuba*

Dear Mr. Gakuba:

I am in receipt of the letter you sent this office. Unfortunately, I do not see any pending petitions with Cook County. Should you have any questions, please direct them to your attorney, Mr. David Shapiro. Best of luck.

Sincerely,

CLAIRE MUSIAL
Director of Paralegal Department

EXHIBIT 1h PP 2/2

GAKUBA, PETER

    PL.-PET.                                    CASE #

 v.  BROWN, DOROTHY

        DEFT., RESP.              U.S.D.C.- N.D.IL.

                                        E.DIV.

COMPLAINT — MONETARY DAMAGES &

EQUITABLE RELIEF - TRO, PRELIM. & /OR PERM. INJUNCTION,

* EMERGENCY *  DECLARATORY JUDGMENT, &/OR ANY OTHER RELIEF

# APPENDICES

EXHIBIT # 1 a - h : GAKUBA → 1ST CIR.COURT PERSONNEL CORRESPONDENCES

        JUNE 2019 TO AUGUST 2019



EXHIBIT # 2 : VARIOUS COURT CLERKS' → GAKUBA CORRESPONDENCES

        a
        c   APRIL 2019 TO JULY 2019

EXHIBIT # 3 : PRISON COPY & POSTAGE RECEIPTS FOR EXPENSES

        GAKUBA v. NEESE ? (1ST CIR.CT., COOK CO.) (HABEAS)

ATTACHMENT # 1 : GAKUBA v. NEESE ? (1ST CIR. CT., COOK CO.) (HABEAS)

        7-PAGE HABEAS PETITION w/ MOST SALIENT SUPPORTING RECORD(S)

## SUPREME COURT OF THE UNITED STATES
## OFFICE OF THE CLERK
## WASHINGTON, DC 20543-0001

April 4, 2019

Peter Gakuba
M52946
13423 E. 1150th Avenue
Robinson, IL 62454

    RE: Gakuba v. Illinois
      ILSC No. 124481

Dear Mr. Gakuba:

The above-entitled petition for writ of certiorari was postmarked March 27, 2019 and received April 3, 2019. The papers are returned for the following reason(s):

Page nine is missing from the petition for writ of certiorari.

Please correct and resubmit as soon as possible. Unless the petition is submitted to this Office in corrected form within 60 days of the date of this letter, the petition will not be filed. Rule 14.5.

A copy of the corrected petition must be served on opposing counsel.

When making the required corrections to a petition, no change to the substance of the petition may be made.

                  Sincerely,
                  Scott S. Harris, Clerk
                  By:

                  Clayton R. Higgins, Jr.
                  (202) 479-3019

Enclosures

EXHIBIT 2a pp. 1/1

MONDAY, JUNE 17, 2019

PETER GAKUBA (M52946)                    COURT CLERK

ROBINSON CC                              IL SUPREME COURT

13423 E. 1150TH AVE.                     200 E. CAPITOL AVE.

ROBINSON, IL 62454                       SPRINGFIELD, IL 62701

| VIA 1st CLASS MAIL |

RE: PEOPLE V. GAKUBA 2017 IL APP (2d) 150744-U

PRESERVATION OF APPEAL RECORD (ROP + CLR)

COURT CLERK:

THE APPEAL RECORD FOR 2-15-0744 WAS PAGINATED ONE WAY, ONLY FOR A SUCCESSIVE APPEAL

(2-19-X0794) (GAKUBA 2019 IL APP (2d) 170794-U) TO BE PAGINATED (w/ MISSING PAGES) ANOTHER WAY.

QUESTION: FOR HOW LONG IS THE APPEAL RECORD PRESERVED? FOR POSTERITY'S SAKE? (PRESENTLY, THIS

WRONGFUL CONVICTION AWAITS A FED'L HABEAS APPEAL WHICH CITES ONLY TO THE COMPLETE/PERFECTED IL. STATE

APPEAL RECORD IN 2-15-0794 / GAKUBA 2017 IL APP (2d) 150794-U.)

AS THE FED'L HABEAS APPEAL MAY TAKE YEARS TO ADJUDICATE AND GAKUBA'S 'PRO SE' BRIEFING HAS/WILL

CITE TO 2-15-0794's APPEAL RECORD ONLY, PLEASE RESPOND IF/IF NOT YOUR COURT WILL PRESERVE THAT APPEAL

RECORD FOR FURTHER REVIEW BY FUTURE COURTS OF REVIEW?

THANK YOU,

RE: (EXHIBIT 2b pg 1/2)

1/1

MONDAY, JUNE 17, 2019

PETER GAKUBA (M52940)

COURT CLERK

ROBINSON CC

2ND DISTRICT, IL. APP. CT.

13423 E. 1150TH AVE.

55 SYMPHONY WAY

ROBINSON, IL 62454

ELGIN, IL 60120

VIA 1ST CLASS MAIL

RE: PEOPLE v. GAKUBA 2017 IL APP (2d) 150744-U

PRESERVATION OF APPEAL RECORD (ROP + CLR)

COURT CLERK:

THE APPEAL RECORD FOR 2-15-0744 WAS PAGINATED ONE WAY, ONLY FOR A SUCCESSIVE APPEAL (2-19-X0744) (GAKUBA 2019 IL APP (2d) 170744-U) TO BE PAGINATED (W/ MISSING PAGES) ANOTHER WAY.

QUESTION: FOR HOW LONG IS THE APPEAL RECORD PRESERVED? FOR POSTERITY'S SAKE? (PRESENTLY, THIS WRONGFUL CONVICTION AWAITS A FED'L HABEAS APPEAL WHICH CITES ONLY TO THE COMPLETE/PERFECTED IL. STATE APPEAL RECORD IN 2-15-0744 / GAKUBA 2017 IL APP (2d) 150744-U.)

AS THE FED'L HABEAS APPEAL MAY TAKE YEARS TO ADJUDICATE AND GAKUBA'S PROSE BRIEFING HAS/WILL CITE TO 2-15-0744'S APPEAL RECORD ONLY, PLEASE RESPOND IF/IF NOT YOUR COURT WILL PRESERVE THAT APPEAL RECORD FOR FURTHER REVIEW BY FUTURE COURTS OF REVIEW?

THANK YOU,



EXHIBIT 2b PP 7/2

<sup>1</sup>/<sub>1</sub>



## SUPREME COURT OF ILLINOIS

SUPREME COURT BUILDING
200 East Capitol Avenue
SPRINGFIELD, ILLINOIS 62701-1721

CAROLYN TAFT GROSBOLL
Clerk of the Court

June 19, 2019

FIRST DISTRICT OFFICE
160 North LaSalle Street, 20th Floor
Chicago, Illinois 60601-3103
(312) 793-1332
TDD: (312) 793-6185

(217) 782-2035
TDD: (217) 524-8132

Peter Gakuba
Reg. No. M-52946
Robinson Correctional Center
13423 East 1150th Avenue
Robinson, IL 62454

Re: 2-15-0744 Case Record

Dear Mr. Gakuba:

This will acknowledge receipt of your letter on June 19, 2019.

You are advised that if you want copies of your appeal records or have questions regarding preservation of documents in the lower court, it will be necessary for you to contact the trial court in which your case originated (Winnebago County Circuit Court).

Very truly yours,

Carolyn Taft Grosboll

Clerk of the Supreme Court

CTG/ak



EXHIBIT 2e pe 1/2

**RECEIVED**

JUN 19 2019

ROBERT J. MANGAN, CLERK
APPELLATE COURT 2nd DISTRICT

PETER GAKUBA (M52944)

ROBINSON CC

13423 E. 1150TH AVE.

ROBINSON, IL 62454

MONDAY, JUNE 17, 2019

COURT CLERK

2ND DISTRICT, IL. APP. CT.

55 SYMPHONY WAY

ELGIN, IL 60120

VIA 1st CLASS MAIL

RE: PEOPLE v. GAKUBA 2017 IL APP (2d) 150744-U

PRESERVATION OF APPEAL RECORD (ROP + CLR)

COURT CLERK:

THE APPEAL RECORD FOR 2-15-0744 WAS PAGINATED ONE WAY, ONLY FOR A SUCCESSIVE APPEAL (2-19-X0744) (GAKUBA 2019 IL APP (2d) 170744-U) TO BE PAGINATED (w/ MISSING PAGES) ANOTHER WAY.

QUESTION: FOR HOW LONG IS THE APPEAL RECORD PRESERVED? FOR POSTERITY'S SAKE? (PRESENTLY, THIS WRONGFUL CONVICTION AWAITS A FED'L HABEAS APPEAL WHICH CITES ONLY TO THE COMPLETE/PERFECTED IL. STATE APPEAL RECORD IN 2-15-0744 | GAKUBA 2017 IL APP (2d) 150744-U.)

AS THE FED'L HABEAS APPEAL MAY TAKE YEARS TO ADJUDICATE AND GAKUBA'S 'PROSE' BRIEFING HAS/WILL CITE TO 2-15-0744's APPEAL RECORD ONLY, PLEASE RESPOND IF/IF NOT YOUR COURT WILL PRESERVE THAT APPEAL RECORD FOR FURTHER REVIEW BY FUTURE COURTS OF REVIEW?

Mr. Gakuba,

After your appeal is finished, the appellate Record is returned to the trial court. It is no longer kept here.

THANK YOU,

EXHIBIT 2c pp 2/2

1/1

GAKUBA, PETER
    PL.-PET.
            CASE #

v.  BROWN, DOROTHY
      DEFT., RESP.    U.S.D.C. - N.D.IL.
                  E.DIV.

COMPLAINT — MONETARY DAMAGES &

EQUITABLE RELIEF = TRO, PRELIM. & /OR PERM. INJUNCTION,

* EMERGENCY *   DECLARATORY JUDGMENT, & /OR ANY OTHER RELIEF

# APPENDICES

EXHIBIT # 1 a - h : GAKUBA → 1ST CIR. COURT PERSONNEL CORRESPONDENCES
                JUNE 2019 TO AUGUST 2019

EXHIBIT # 2 a - c : VARIOUS COURT CLERKS' → GAKUBA CORRESPONDENCES
                APRIL 2019 TO JULY 2019



EXHIBIT # 3 : PRISON COPY & POSTAGE RECEIPTS FOR EXPENSES
          GAKUBA v. NEESE ? (1ST CIR. CT., COOK CO.) (HABEAS)

ATTACHMENT # 1 : GAKUBA v. NEESE ? (1ST CIR. CT., COOK CO.) (HABEAS)
              7-PAGE HABEAS PETITION w/ MOST SALIENT SUPPORTING RECORD(S)

1/1

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Authorization for Payment

Posting Document # _____     Date ___6|12|2019___

Offender Name ___GAKUBA, PETER___  ID# __M52946__  Housing Unit __2B (3-9)__

Pay to _____RCC Library_____

Address ___13423 E. 1150th Ave.___

City, State, Zip ___Robinson, IL. 62454___

The sum of ___130___ dollars and ___70___ cents charged to my trust fund

account, for the purpose of ___Legal copies___

☐ I hereby authorize payment of postage for the attached mail. ☐ I hereby request information on electronic funds transfers to be placed in the attached mail.

Offender Signature _____  ID# __M52946__

Witness Signature ___C. Lee___

☐ Approved ☐ Not Approved  Chief Administrative Officer Signature _____

Postage applied in the amount of _____ dollars and _____ cents.

Distribution: Business Office, Offender, Mail Room

Printed on Recycled Paper

DOC 0296 (Eff. 1/2006)
(Replaces DC 828)

---

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Authorization for Payment

Posting Document # _____     Date ___6|12|2019___

Offender Name ___GAKUBA, PETER___  ID# __M52946__  Housing Unit __2B (3-9)__

Pay to _____ROBINSON CC_____

Address _____

City, State, Zip _____

The sum of _____ dollars and _____ cents charged to my trust fund

account, for the purpose of ___LEGAL MAIL (ZIP: 61201, 60601, 60601, 21202)___

☐ I hereby authorize payment of postage for the attached mail. ☐ I hereby request information on electronic funds transfers to be placed in the attached mail.

Offender Signature _____  ID# __M52946__

Witness Signature ___C. Lee___   (EXHIBIT 3 PP'15)

☐ Approved ☐ Not Approved  Chief Administrative Officer Signature _____

Postage applied in the amount of ___8___ dollars and ___75___ cents.

Distribution: Business Office, Offender, Mail Room

Printed on Recycled Paper

DOC 0296 (Eff. 1/2006)
(Replaces DC 828)

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Authorization for Payment

Posting Document # _____  Date _____ 6/12/2019 _____

Offender Name _____ GAKUBA, PETER _____  ID# _____ M52946 _____  Housing Unit _28(3-9)_

Pay to _____ ROBINSON CC _____

Address _____

City, State, Zip _____

The sum of _____ dollars and _____ cents charged to my trust fund

account, for the purpose of _____ LEGAL MAIL (ZIP: 61201, 60601, 60601, 212027) _____

☐ I hereby authorize payment of postage for the attached mail. ☐  I hereby request information on electronic
funds transfers to be placed in the attached mail.

Offender Signature _____  ID# _____ M52946 _____

Witness Signature _____

☐ Approved ☐ Not Approved   Chief Administrative Officer Signature _____

Postage applied in the amount of _____ 8 _____ dollars and _____ 50 _____ cents.

$ — 3772.91
6.13.2019

Distribution: Business Office, Offender, Mail Room

*Printed on Recycled Paper*          *legal*

DOC 0296 (Eff. 1/2006)
(Replaces DC 828)

---

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Authorization for Payment

Posting Document # _____  Date _____ 7/10/2019 _____

Offender Name _____ GAKUBA, PETER _____  ID# _____ M52944 _____  Housing Unit _28(3-9)_

Pay to _____ RCC Library _____

Address _____ 13423 E. 1150th Ave. _____

City, State, Zip _____ Robinson, IL. 62454 _____

The sum of _____ 41 _____ dollars and _____ 60 _____ cents charged to my trust fund

account, for the purpose of _____ Legal copies   4/16 _____

☐ I hereby authorize payment of postage for the attached mail. ☐  I hereby request information on electronic
funds transfers to be placed in the attached mail.

Offender Signature _____  ID# _____ M52944 _____

Witness Signature _____ C. Lee _____

☐ Approved ☐ Not Approved   Chief Administrative Officer Signature _____

EXHIBIT 3 pp 2/5

Postage applied in the amount of _____ dollars and _____ cents.

Distribution: Business Office, Offender, Mail Room

*Printed on Recycled Paper*

DOC 0296 (Eff. 1/2006)
(Replaces DC 828)

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Authorization for Payment

Posting Document # _____     Date ____7/3/2019____

Offender Name ____GAKUBA, PETER____  ID# __M52946__  Housing Unit __2B(3-9)__

Pay to _____RCC Library_____

Address ____13423 E. 1150th Ave.____

City, State, Zip ____Robinson, IL. 62454____

The sum of _____51_____ dollars and ____40____ cents charged to my trust fund

account, for the purpose of ____Legal copies____

☐ I hereby authorize payment of postage for the attached mail. ☐ I hereby request information on electronic funds transfers to be placed in the attached mail.

Offender Signature _____  ID# __M52946__

Witness Signature ____C. Lee____

☐ Approved ☐ Not Approved   Chief Administrative Officer Signature _____

Postage applied in the amount of _____ dollars and _____ cents.

Distribution: Business Office, Offender, Mail Room

Printed on Recycled Paper

DOC 0296 (Eff. 1/2006)
(Replaces DC 828)

---

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Authorization for Payment

Posting Document # _____     Date ____7/10/2019____

Offender Name ____GAKUBA, PETER____  ID# __M52946__  Housing Unit __2B(3-9)__

Pay to ____ROBINSON CC____

Address _____

City, State, Zip _____

The sum of _____ dollars and _____ cents charged to my trust fund

account, for the purpose of ____LEGAL MAIL (ZIP:60608)____

☐ I hereby authorize payment of postage for the attached mail. . ☐ I hereby request information on electronic funds transfers to be placed in the attached mail.

Offender Signature _____  ID# __M52946__

Witness Signature ____C. Lee____

☐ Approved ☐ Not Approved   Chief Administrative Officer Signature _____

Postage applied in the amount of ____8____ dollars and ____50____ cents.

Distribution: Business Office, Offender, Mail Room

Printed on Recycled Paper

legal

EXHIBIT 3  PP 3/5

DOC 0296 (Eff. 1/2006)
(Replaces DC 828)

2 copies

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Authorization for Payment

Posting Document # _____ Date _____ 7/22/2019

Offender Name _____ GAHUBA, PETER _____ ID# M52946 _____ Housing Unit 2B(3-9)

Pay to _____ RCC Library

Address _____ 13423 E. 1150th Ave.

City, State, Zip _____ Robinson, IL. 62454

The sum of _____ 102 _____ dollars and __ 10 __ cents charged to my trust fund

account, for the purpose of _____ Legal copies

☐ I hereby authorize payment of postage for the attached mail. ☐ I hereby request information on electronic funds transfers to be placed in the attached mail.

Offender Signature _____ ID# M52946

Witness Signature _____ C.Rue

☐ Approved ☐ Not Approved   Chief Administrative Officer Signature _____

Postage applied in the amount of _____ dollars and _____ cents.

Distribution: Business Office, Offender, Mail Room

Printed on Recycled Paper

DOC 0296 (Eff. 1/2006)
(Replaces DC 828)

---

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Authorization for Payment

Posting Document # _____ Date _____ 7/25/2019

Offender Name _____ GAKUBA, PETER _____ ID# M52946 _____ Housing Unit 2B(3-9)

Pay to _____ RCC Library

Address _____ 13423 E. 1150th Ave.

City, State, Zip _____ Robinson, IL. 62454

The sum of _____ dollars and _____ cents charged to my trust fund

account, for the purpose of _____ Legal copies MAIL (ZIP: 60602 (D.BROWN) STATE HABEAS )
                                                        50 W. WASHINGTON ST, STE 1001

☑ I hereby authorize payment of postage for the attached mail. ☐ I hereby request information on electronic funds transfers to be placed in the attached mail.

Offender Signature _____ ID# M52946

Witness Signature _____ C.Rue

EXHIBIT 3 PP 4/5

☐ Approved ☐ Not Approved   Chief Administrative Officer Signature _____   -$42473-

Postage applied in the amount of _____ 8 _____ dollars and __ 50 __ cents.                      7.15.2017
                                                                                                    < 48.30>

Distribution: Business Office, Offender, Mail Room                            0.000

DOC 0296 (Eff. 1/2006)

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Authorization for Payment

Posting Document # _____     Date ___7/25/2019___

Offender Name___GAKUBA, PETER___     ID# M52946     Housing Unit _28 (3-9)_

Pay to _____RCC Library_____

Address ___13423 E. 1150th Ave.___

City, State, Zip ___Robinson, IL. 62454___

The sum of _____ dollars and _____ cents charged to my trust fund

account, for the purpose of ___Legal ~~copies~~ MAIL ( ZIP: 60608 ( 2650 S. CALIF. AVE, STATE HABEAS )___

☒ I hereby authorize payment of postage for the attached mail.  ☐ I hereby request information on electronic
funds transfers to be placed in the attached mail.

Offender Signature _____     ID# M52946

Witness Signature ___C. L____

☐ Approved ☐ Not Approved   Chief Administrative Officer Signature _____     - $426.86

Postage applied in the amount of _____1____ dollars and _____ cents.     7.25.2019
( $1.45 )

Distribution: Business Office, Offender, Mail Room     *Printed on Recycled Paper*     legal     DOC 0296 (Eff. 1/2008)
(Replaces DC 828)

---

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Authorization for Payment

Posting Document # _____     Date ___7/25/2019___

Offender Name___GAKUBA, PETER___     ID# M52946     Housing Unit _28 (3-9)_

Pay to _____RCC Library_____

Address ___13423 E. 1150th Ave.___

City, State, Zip ___Robinson, IL. 62454___

The sum of _____ dollars and _____ cents charged to my trust fund

account, for the purpose of ___Legal ~~copies~~ MAIL ( ZIP: 60604 KARMER USCA7 19-1641 )___

☒ I hereby authorize payment of postage for the attached mail.  ☐ I hereby request information on electronic
funds transfers to be placed in the attached mail.

Offender Signature _____     ID# M52946

Witness Signature ___C. L____     EXHIBIT 3 5/5

☐ Approved ☐ Not Approved   Chief Administrative Officer Signature _____     - $4,350.86

Postage applied in the amount of _____8____ dollars and __50__ cents.     7.25.2019
( $8.50 )

Distribution: Business Office, Offender, Mail Room     DOC 0296 (Eff. 1/2008)

GAKUBA, PETER

    PL.-PET.             CASE #

v.  BROWN, DOROTHY

    DEFT., RESP.       U.S.D.C. - N.D.IL.

                         E.DIV.

COMPLAINT - MONETARY DAMAGES &

EQUITABLE RELIEF - TRO, PRELIM. & /OR PERM. INJUNCTION,

**\* EMERGENCY \***  DECLARATORY JUDGMENT, &/OR ANY OTHER RELIEF

# APPENDICES

EXHIBIT # 1 a - h : GAKUBA → 1ST CIR. COURT PERSONNEL CORRESPONDENCE[S]

            JUNE 2019 TO AUGUST 2019

EXHIBIT # 2 a-c : VARIOUS COURT CLERKS' → GAKUBA CORRESPONDENCES

            APRIL 2019 TO JULY 2019

EXHIBIT # 3 : PRISON COPY & POSTAGE RECEIPTS FOR EXPENSES

         GAKUBA v. NEESE ? (1ST CIR. CT., COOK CO.) (HABEAS)

ATTACHMENT # 1 : GAKUBA v. NEESE 2 (1ST CIR. CT., COOK CO.) (HABEAS)

       7 PAGE HABEAS PETITION W/ MOST SALIENT SUPPORTING RECORD(S)

IN THE

CIRCUIT COURT , COOK COUNTY

GAKUBA, PETER
_____
Plaintiff/Petitioner

     Vs.

NEESE , MICHELLE
_____
Defendant/Respondent

)
)
)
)
)
)
)

No._____

HABEAS CORPUS WRIT

## PROOF/CERTIFICATE OF SERVICE

TO: __COURT CLERK__
CIRCUIT CT., COOK CO,
2600 S. CALIFORNIA AVE.
CHICAGO, IL 60601

TO: __MICHAEL L. CEBULA__
OFFICE - ATTY. GENERAL
100 W. RANDOLPH ST., 12TH FL.
CHICAGO, IL 60601

PLEASE TAKE NOTICE that at: __N/A__ AM/PM __JUNE 13_____, 20 __19__, I
placed the documents listed below in the institutional mail at _____
Correctional Center, properly addressed to the parties listed above for mailing through the
United States Postal Service. ① PETITION FOR HABEAS CORPUS WRIT (IL.STATE)w/ ATTACHMENTS
_____

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109 I declare, under penalty of perjury
that I am a named party in the above action, that I have read the above documents, and that
the information contained therein is true and correct to the best of my knowledge and belief.

DATED: __6/13/2019__

/s/ _____
Name: ____PETER GAKUBA____
IDOC No. ____M52946____
Robinson _____ Correctional Ctr.
13423 E. 1150th Ave.
Robinson _____, IL 62454

TUESDAY, JUNE 11, 2019

PETER BAKUBA (M52946)               COURT CLERK

ROBINSON CC                         CIRCUIT COURT, COOK CO,

13423 E. 1150TH AVE.                2600 S. CALIFORNIA AVE.

ROBINSON, IL 62454                  CHICAGO, IL 60608

                                    (773) 674-3160

VIA 1st CLASS MAIL

RE: BAKUBA v. MEESE   ?-NEW CASE (CIR. CT., COOK CO.)

     STATE HABEAS - CRIMINAL, NEW INDIGENT CASE

COURT CLERK:

     ENCLOSED FOR PROMPT FILING IS MY 'PROSE' 7-PAGE STATE HABEAS-CRIMINAL. *

     I WILL BE SEEKING EXPEDITED REVIEW BEFORE THE TRIAL COURT, THEN, APPELLATE COURT.

THEREFORE, PLEASE RESPOND QUICKLY WITH THE DOCKETING/FILING DATE

AND ASSIGNED CASE NUMBER.

     AS WELL, RESPOND QUICKLY WITH ANY DEFECTS SUCH THAT I CAN RE-FILE / CORRECT THEM.

                    THANK YOU,

* ATTACHMENTS MAY BE MAILED IN SEPARATE ENVELOPES.

'/1

PL.-PET.                                    CASE #

v.  NEESE, MICHELE
       DEFT. - RESP.
                         CIR. COURT, COOK CO.

╔════════════════════════════════════════════════════════╗
║  PRISONER PETITION FOR IL. STATE HABEAS CORPUS WRIT FOR IMMEDIATE RELEASE  ║
║              EVIDENTIARY    HEARING REQUESTED              ║
╚════════════════════════════════════════════════════════╝

NOW COMES 'PRO SE' INDIGENT-IMPRISONED PL.-PET. PETER GAKUBA IN THIS CAPTIONED RELIEF.

GAKUBA STATES THE FOLLOWING UPON KNOWLEDGE, INFO. + BELIEF. 735 ILCS 5/109

PETER GAKUBA DECLARES UNDER PENALTY OF PERJURY:

PREFACE: DUE TO PHYSICAL HANDICAP/DISABILITY -- CARPAL TUNNEL SYNDROME, OSTEO ARTHRITIS (VERIFIED),

AND POSSIBLY PARKINSON'S -- GAKUBA HAS APPENDED THE MOST RELEVANT PARTS OF THE DIRECT APPEAL'S

RECORD ("R"EPORT OF PROCEEDINGS, "C"OMMON LAW RECORD) AND BOTH REFERENCES AND INCORPORATES

THEM AS IF FULLY RESTATED HEREIN.


INTRODUCTION: IL. STATE HABEAS CORPUS WRITS ARE PREDICATED UPON 7 EXPLICITLY DEFINED

REASONS FOR RELIEF. 735 ILCS 5/10-124. THIS PETITION REASONS THAT 3 CONTROL HERE:

(1) JURISDICTION LACKING - VOID INDICTMENT; (2) DUE PROCESS VIOLS.- FALSE PRETENSE + BRIBERY;

POSSIBLY (IF 1+2 REJECTED), (3) SUBSEQUENT ACT TAINTS PROCEEDING, HABEAS 1,6,2.

** FURTHER, GAKUBA'S FALSE IMPRISONMENT CONCLUDES APRIL 27, 2021 ~ IN 22 MONTHS -- **

** NECESSITATING EXPEDITED REVIEW. **

FINALLY, IN A CASE OF 1ˢᵗ IMPRESSION WHEREBY ADJUDGED FRANKS PERJURER IL. STATE POLICE

CHARLES O'BRIEN COMPELLED THE ILLEGAL DISCLOSURE OF GAKUBA'S BIOGRAPHICAL/ID EVIDENCE

(SPECIFICALLY NAME + BIRTHDATE) FROM GAKUBA'S HOLLYWOOD VIDEO CUSTOMER ACCOUNT RECORDS

SUCH THAT O'BRIEN COULD ILLEGALLY RECEIVE IT BEFORE AN IL. STATE "GRAND JURY" TO THEN

INDICT, MALICIOUSLY PROSECUTE, AND WRONGLY CONVICT GAKUBA OF AN AGE-DEPENDANT CRIME,

STATUTORY RAPE, WAS FLAGRANTLY IN VIOLATION OF FED'L LAW: THE VIDEO PRIVACY PROTECTION

ACT ("VPPA") 18 USC § 2710(a), (b)(2)(c), (d), (e). 18 USC § 2710(d) SPECIFICALLY PRO-

SCRIBES RECEIPT OF ILLEGALLY OBTAINED ID EVIDENCE BEFORE A "GRAND JURY". O'BRIEN WAS

THE SOLE GRAND JURY WITNESS ANSWERING LEADING QUESTIONS FROM SUBORNER STATE PROSECUTOR

KATE KURTZ. CONSEQUENTLY, ALL SUBSEQUENT RECEIPT OF GAKUBA'S BIRTHDATE WERE/ARE

FRUIT-OF-THE-POISONOUS-TREE. SEE RECORD PEOPLE v. LOPEZ 2018 IL APP (1ˢᵗ) 153331 (CITES TO

INS v. LOPEZ-MENDOZA 468 US 1032, 1039-40, 1050 (1984), LOPEZ 2018 AT PP 33-36). GAKUBA TOO CITED TO THIS AUTHORITY THROUGHOUT HIS CRIMINAL CASE IN IL STATE AND FED'L COURT; ALL COURTS WILLFULLY, DELIBERATELY IGNORED THIS CONTROLLING FED'L LAW (18 USC §2910(d)) AND CASE (LOPEZ MENDOZA). SO TOO DID ALL THE PRECEEDING COURTS WILLFULLY, DELIBERATELY IGNORE THE KEY MATERIAL FACT: GAKUBA'S "BOOKING PROCESS" DENIAL AFFIDAVIT ANNOUNCED, FILED, AND HAND-TENDERED IN OPEN COURT -- PRO SE -- ON JUNE 5, 2014 (~ 1 YEAR BEFORE THE APRIL 27, 2015 (2.5) DAY JURY TRIAL, AND EXACTLY 1 YEAR AFTER THE TRIAL JUDGE (AS ADVOCATE) FALSELY CONTRIVED THE ILLUSORY "SUA SPONTE" CONCLUSORY RULING THAT GAKUBA'S BIRTHDATE WAS OBTAINED "INDEPENDENTLY" OF THE FLAGRANTLY EGREGIOUS STATE POLICE AND PROSECUTORIAL MISCONDUCT THRU AN "ASSUMED... BOOKING PROCESS.") THUS, THIS IS THE 1ST CASE IN YEARS WHEREBY A THUMB-ON-THE-SCALE BIASED AND PREJUDICED IL STATE TRIAL JUDGE ENGAGED IN MALFEASANCE AS A FAVOR TO IL STATE PROSECUTORS AND POLICE TO SECURE A NEW WRONGFUL CONVICTION PROMPTLY USED THEM TO DISMISS A PENDING -"PRO SE"- FED'L SUIT THEY'RE CULPRITS/DEFTS. IN: GAKUBA v. O'BRIEN 12 CV 9296 (N.D.IL.) (EXF A 279, PAGE ID 1476 - "HECK" DISMISSAL DEFENSE ARGUMENT). THIS FAVORITISM/MALFEASANCE SATISFIES "#6" OF IL STATE HABEAS' "FALSE PRETENSE... BRIBERY" REASON, FOR, "CORRUPT" & "BRIBE" ARE SYNONYMOUS. THE 2ND DISTRICT IL APP CT'S FAILURE TO VACATE THESE CONVICTIONS BOTH ON DIRECT AND POST-CONVICTION APPEALS BY IGNORING GAKUBA'S "BOOKING PROCESS" DENIAL AFFIDAVIT RENDERS THEM EITHER GROSSLY INCOMPETENT OR INSIDIOUSLY COMPLICIT. SEE GAKUBA 2017 IL APP (2D) 150744-U, GAKUBA 2018 IL APP (2D) 170744-U.

ACCORDINGLY, AS ANY CIRCUIT COURT JUDGE CAN ISSUE A HABEAS WRIT -- WHO IS FAIR, IMPARTIAL AND CONSIDERATE OF THE MATTERS OF FACT AND LAW -- GAKUBA BRINGS THIS HABEAS RELIEF HERE; ESPECIALLY WHEN GAKUBA EXPECTS ORAL ARGUMENT IN GAKUBA v. NEESE 18-3398 (7TH) TO OCCUR DURING THESE PROCEEDINGS.

JURISDICTION (CIR. CT.): SEE ACCORD WATKINS v. PAGE 322 ILL. APP. 3D 360, 363 (2001) ("ONCE A CIR. CT. OBTAINS SUBJECT-MATTER JURISDICTION [,] IT RETAINS THAT JURISDICTION UNTIL ALL ISSUES OF LAW AND FACT ARE DETERMINED [. CITATIONS] THE HABEAS CORPUS ACT, WHICH GRANTS CIRCUIT COURT'S

2/7

AUTHORITY TO ISSUE WRITS OF HABEAS CORPUS, DOES NOT CONFINE THE COURT'S AUTHORITY TO ONLY THOSE WARDENS WITHIN ITS CIRCUIT [.] WE NOTE THAT ALLOWING A CIRCUIT COURT TO RETAIN JURISDICTION WILL NOT AFFECT THE LEGAL REPRESENTATION OF THE RESPONDENT, THE OFFICE OF THE IL. ATTORNEY GENERAL ACTS AS COUNSEL FOR HABEAS PETITIONS AGAINST ANY WARDEN IN THE DEPT. OF CORRECTIONS.")

## FACTUAL BACKGROUND: (RELEVANT)

ON NOV. 4, 2006 IN THE COURSE OF A CRIMINAL INVESTIGATION PRECIPITATED BY A GAY TEEN RUNAWAY TRAFFICKING IN CHILD PORNOGRAPHY (E.G. USA v. VASTIS ? (N.D.IL.) (GAY TEEN CHILD PORNOGRAPHER FINGERS MIDDLE SCHOOL TEACHER VASTIS IN BID FOR LENIENCY)) "PETER GAKUBA" WAS IDENTIFIED AS THE "PERSON" WHO [RENTED] THEM MOVIES." (R170D) MOVIES THAT COMPLAINANT M.S. STATED HE WATCHED W/ AN 18-YEAR OLD WHITE MALE NAMED PHIL." (PG MOVIES)

THIS IDENTIFICATION CAME ABOUT FROM THE ILLEGALLY COMPELLED DISCLOSURE BY IL. STATE POLICE CHARLES O'BRIEN SUPERVISED BY WINNEBAGO CO. "ASA" KATE KURTZ, IN VIOL. OF THE VPPA 18 USC §2710(b)(2)(c) REQUIRING LEGAL PROCESS, BY ORDERING THE ILLEGALLY DISCLOSED HOLLYWOOD VIDEO CUSTOMER ACCT. RECORDS OF "GAKUBA." SEE cf CAMFIELD v. CITY OF OKC 248 F. 3d 1214 (10th 2001). BY ORDERING THE ILLEGAL DISCLOSURE TO THESE LAW ENFORCEMENT AGENTS/AGENCIES THEY SIMULTANEOUSLY VIOLATED 18 USC §2710(d)'s ILLEGALLY OBTAINED/RECEIVED STATUTE'S EXCLUSIONARY MANDATE -- THE ONLY LAW EXPLICITLY BARRING RECEIPT BEFORE ANY "GRAND JURY". O'BRIEN WAS THE SOLE GRAND JURY WITNESS; KURTZ THE SOLE "ASA". O'BRIEN ILLEGALLY DISCLOSED/RECEIVED GAKUBA'S NAME + BIRTHDATE BEFORE THE DEC. 2006 GRAND JURY RESULTING IN GAKUBA'S INDICTMENT ON 3 COUNTS OF AGG. CRIMINAL SEXUAL ABUSE, 720 ILCS 5/12-16(d), COMMONLY CALLED "STATUTORY RAPE." SEE PEOPLE v. EDWARDS 195 ILL. APP. 3d 454, 455-56 (1990) (EXTRANEOUS EVIDENCE INTERTWINED W/ CONTINUOUS NARRATIVE WAS NOT RELEVANT TO PROVE ELEMENTS OF OFFENSE WHICH WERE SIMPLY PARTIES' AGES AND SEXUAL ACTIVITY).

THE SEXUAL ACTIVITY WAS "SEXUAL PENETRATION" vs. "SEXUAL CONDUCT." THEY ARE MUTUALLY EXCLUSIVE. PROOF OF ONE CANNOT LEAD TO CONVICTION OF THE OTHER AS HAD HAPPENED HERE. SEE PEOPLE v. LARA 2012 IL 112370 (2012) (DISCUSSES DIFFERENCES, CITING TO PEOPLE v. SARGENT 239 ILL. 2d 166 (2010)).

GAKUBA'S NAME + BIRTHDATE/AGE WAS ILLEGALLY OBTAINED, FIRST AND FOREMOST, FROM HIS HOLLYWOOD VIDEO

CUSTOMER ACCT. RECORDS BY O'BRIEN + KURTZ IN VIOL OF 18 USC §2710(b)(2)(c), THEN §2710(b), AND PERPETUALLY NOW §2710(e). SEE ACCORD AMAZON v. LAY 758 F. SUPP. 2d 1154, 1160-63, 1167-71 (D.WA 2010); cf DAHLSTROM V. SUNTIMES 777 F.3d 937 (7TH 2015) ( DPPA, LIKE VPPA, BANS ILLEGAL DISCLOSURE/RECEIPT OF "PERSONAL INFO." (i.e. BIRTHDATE)) (18 USC §2721 ET SEQ, 18 USC §2710(a)).

THEREAFTER, ON NOV. 4, 2006 THEY WENT FROM THE VIDEO STORE TO THE ROCKFORD, IL. MARRIOTT, ACCORDING TO KURTZ'S EXCITED UTTERANCES AS SHE HAD PERSONAL KNOWLEDGE AS INVESTIGATION SUPERVISOR, "HEY, DO YOU HAVE A GUY HERE BY THIS NAME. SEE, WE SURE DO [E] AT THAT POINT THEY ABSOLUTELY 100% HAD PROBABLE CAUSE." (R484) MORE "PERSONALLY IDENTIFIABLE INFO." (PII) WAS FRUIT-OF-THE-POISONOUS-TREE : THE ROOM #6 OF GAKUBA'S LAWFUL AND PRIVATELY OCCUPIED ROOM. THE FIRST ITEMS SEARCHED AND SEIZED PER THIS ILLEGAL 4TH AMEND. | BROWN/DUNAWAY HOME INVASION WAS GAKUBA'S WALLET CONTENTS -- SPECIFICALLY DRIVER'S LICENSE -- USED TO CORROBORATE GAKUBA WAS "WHO" RENTED "THEM MOVIES." (R1700)

AS A COVER-UP, 3 EX POST/POST HOC SEARCH WARRANTS WERE OBTAINED THEN LATER QUASHED PER FRANKS FOR CONTAINING "MATERIAL MISREPRESENTATIONS [AND OMISSIONS] IN RECKLESS DISREGARD FOR THE TRUTH (R809 | R803 O'BRIEN WAS THE LEAD INVESTIGATOR; SOLE GRAND JURY WITNESS; PRIMARY WITNESS IN A DEC. 2008 5TH/6TH AMENDS. VIOLS. HEARING (R226-288); SOLE WITNESS IN A JUNE 13, 2011 BROWN/FRANKS HEARING (R700); + KEY MATERIAL WITNESS AT GAKUBA'S APRIL 2015 2.5 DAY JURY TRIAL, (R2256-57, R2269) O'BRIEN (+ KURTZ) COMMITTED TO MEMORY GAKUBA'S BIRTHDATE ALL THROUGHOUT THIS CASE: THE 1ST CASE EVER WHERE THE CRIMINAL INDICTMENT IS VOID AS ARE THE POISONED FRUIT PER 18 USC §2710(d)'S EXCLUSIONARY MANDATE: GAKUBA'S WRONGFUL CONVICTIONS, WHICH THE STATE AND ALL PRIOR COURTS INSIST IS SUPPLANTED BY THE SUBSEQUENT 4TH AMEND. VIOLATION'S "EXCLUSIONARY RULE." SEE ACCORD US v. WILSON 630 FED. APPX. 750, 753 (11TH 2015) ("THE AVAILABILITY OF THE SUPPRESSION REMEDY FOR ... STATUTORY AS OPPOSED TO CONSTITUTIONAL VIOLATIONS ... TURNS ON THE PROVISIONS OF THE STATUTE RATHER THAN THE JUDICIALLY FASHIONED EXCLUSIONARY RULE AIMED AT DETERRING VIOLATIONS OF 4TH AMEND. RIGHTS. US v. DONOVAN 424 US 413, 432 n. 22 (1977)") THUS, THE ILLEGAL 4TH AMEND. | BROWN/DUNAWAY HOME INVASION WHICH IMMEDIATELY FOLLOWED THE VPPA 18 USC §2710(b)(2)(c), (d) VIOLATION REQUIRES THAT THE 4TH AMEND. | ART. 1 §6 PROTECTIONS FORTIFY -- BUT DO NOT REPLACE -- THE VPPA'S EXCLUSIONARY AUTHORITY: 18 USC §2710(d).

ALTERNATIVELY, THEY WRONGLY INSIST THAT A FALSE | FABRICATED "BOOKING PROCESS-VERSION" (R2222)

4/7

AND BAKUBA'S PURPORTED FABRICATED HEARSAY RESPONSE EXTENDS MUNIZ'S 5TH AMEND PROTECTION EXCEPTIONS TO VIOLS. OF 18 USC §2710 ET SEQ. IMMEDIATELY PRECEDED BY AN ILLEGAL 4TH AMEND (BROWN) DOORWAY HOME INVASION. THIS IS OBJECTIVELY UNREASONABLE, AND, NEITHER THE STATE NOR ALL THE PRIOR IL. STATE + FED'L COURTS CITE TO AUTHORITY FOR THEIR FANCIFUL AND CONCLUSORY APPLICATION OF LAW. 28 USC §2254(d)(1),(2). MOREOVER, THEY WILLFULLY/DELIBERATELY IGNORE ALL BAKUBA'S CITED CASE LAWS: STATE v. MALDONADO-ARREAGA 772 N.W. 2424 (MN. APP. 2009) (DIRECT APPEAL BAKUBA 2019); HARRISON v. VILLAGE OF OAKLAWN 735 F.3d 967, 970 (7TH 2013) ("BOOTSTRAPPING" ILLEGALLY OBTAINED EVID-ENCE AS PROBABLE CAUSE FOR LAWFUL ARREST PROSCRIBED); SIBRON v. NY 392 US 40, 62-63 (1968)); US v. ISHCO 462 F.3d 517, 525-532 (7TH 1999) (DISCUSS FRUIT-OF-POISONOUS-TREE DOCTRINE) (BROWN); OWENS v. DUNCAN 781 F.3d 360, 362 (7TH 2015) (BAKUBA'S HABEAS); US v. ZAPIEN 861 F.3d 971, 995 (9TH 2017) LONG v. BUTLER 874 F.3d 544, 546 (7TH 2017); US v. SANCHEZ 817 F.3d 38, 41, 46 (1ST 2016); AND US v. HASTINGS 296 F.SUPP. 3d 1163, 1167-68, 1178, 1181-83 (E.D.TX.2017). CONTRA RIVERA v. THOMPSON 879 F.3d 7, 15 (1ST 2018); US v. ROCHE-MARTINEZ 467 F.3d 591, 593-94 (7TH 2016).

SEE BAKUBA v. NEESE 18-3796 (7TH) (FED'L HABEAS) (PET. P. 24, REPLY P.9) : "IN SHORT, THE STATE AND THUMB-ON-THE-SCALE PRIOR IL + FED'L JUDGES' BIAS AND PREJUDICE SERVED TO PROMOTE THE OUTLANDISH CLAIM THAT O'BRIEN CAN BE ORDERED TO SUPPRESS HIS MEMORY OF BAKUBA'S BIRTHDATE IN HANDWRITTEN NOTES (C 2204-05) (ATTACHMENT #1) (LEAST HE FORGET) CORROBORATED BY BAKUBA'S DRIVER'S LIC. PHOTO COPIED (C 2366-72 ; R1448 ; TRIAL EXH. #19) (ATTACHMENT # 1) (LEAST O'BRIEN FORGET), THEN, UPON FORGETTING BAKUBA'S BIRTHDATE, INSTEAD REMEMBERS FOR NEARLY 9 YEAR'S BAKUBA'S BIRTHDATE FROM A "BOOKING PROCESS-VERSION' O'BRIEN FORGOT TO WRITE DOWN BECAUSE IT NEVER HAPPENED IN THE FIRST PLACE. THE PROVERB OF LAW TO DECLARE MATERIALS IS: "YOU CANNOT UNTOLL A RINGING BELL.' IF A JURY CANNOT BE ORDERED TO FORGET ILLEGAL EVIDENCE IT WAS IN RECEIPT OF, NEITHER CAN O'BRIEN — A FRANKS PERJURER, AND, NOW, A BRADY PERJURER TOO. FALSUS IN UNO, FALSUS IN OMNIBUS.

## ARGUMENT

BAKUBA'S DEC. 2006 IL. STATE CRIMINAL INDICTMENT IS VOID PER 18 USC §2710(b)(2)(c),(d) AND SUBSEQUENT EVASIVE EX POST/POST HOC FABRICATED IRRATIONALIZATIONS TO BAKUBA'S ILLEGAL BIRTHDATE PROCUREMENT TO AN "INDEPENDENT ... ASSUMED BOOKING PROCESS-VERSION" HAD NO

SUPPORT IN THE RECORD: THE RANK MALFEASANCE OF THUMB-ON-THE-SCALE IRRATIONALLY BIASED + PREJUDICED CURRENT/FORMER IL JUDGES (ATTACHMENT #5-8)

AGAIN, HABEAS MUST IMMEDIATELY ISSUE IF BY CLEAR AND CONVINCING EVIDENCE THAT ONE OR MORE NARROWLY DEFINED REASONS (OF 7) HAVE BEEN MET. GARUBA SEEKS HABEAS RELIEF ON REASONS 1,2,+6,

THE JUNE 5, 2014 AFFIDAVIT OF PETER GARUBA STATING THAT HE GAVE NO TESTIMONIAL EVIDENCE OR STATEMENTS DURING HIS NOV. 2006 "BOOKING PROCESS" IS CONCLUSIVE SUBSTANTIVE DISPOSITIVE EVIDENCE IN GARUBA'S FAVOR. (C 2366-72) (ATTACHMENT #1) (R1442)(R1484)

ON POINT: US v. ZAPIEN 861 F.3d 971,975 (9TH 2017)(CITES US v. PACHECO-LOPEZ 531 F.3d 420,424-26 (6TH 2008) ("THE LOCATION, THE NATURE OF THE QUESTIONING, AND THE FAILURE TO TAKE NOTES OR DOCUMENT THE DEFT.'S IDENTITY ALSO SUPPORT OUR CONCLUSION THAT THE BOOKING EXCEPTION IS NOT APPLICABLE IN THIS CASE.") (EMPHASIS)

APRIL 28, 2015 THE COURT (R2260)(JURY TRIAL): "LET ME ADD SOMETHING. THE FACT HE DIDN'T WRITE IT IN HIS REPORT, SO WHAT? IMPEACH HIM ON THAT. I STILL NEED TO KNOW WHERE HE OBTAINED THIS INFORMATION." OF COURSE, THE "REPORT" WASN'T EVEN AUTHORED BY O'BRIEN WHO FALSELY TESTIFIED THAT IT WAS. BALSLEY AUTHORED IT. (C 2366-72)(TRIAL EXHS. #17 19-20)(ATTACHMENT #1,7)

SEE ALSO CAIREL v. ALDERSON 821 F.3d 823,830 (7TH 2016)(AFFIDAVITS ARE ADMISSIBLE EVIDENCE); FIGUERA v. MAZZA 825 F.3d 89,109 n. 15 (2ND 2016)(AFFIDAVITS ARE SUBSTANTIVE EVIDENCE).

ON POINT: RECORD PEOPLE v. WHITFIELD 2017 IL APP (26) 140898 R¶ 100-101 ( ALL UNRECORDED HEARSAY STATEMENTS POLICE ALLEGE DEFENDANT MADE, WHICH DEFENDANT DENIES HAVING MADE, ARE INADMISSIBLE); SEE ALSO PEOPLE v. LITTLE 2016 IL APP (3d) 140124 R47 (ALL PURPORTED INCULPATORY STATEMENTS (ADMISSIONS) NOT AUDIOVIDEO RECORDED ARE INADMISSIBLE; SIMILARLY, THE STATUTORY LANGUAGE DOES NOT LIMIT THE VIDEO TAPING REQUIREMENTS TO INVESTIGATIONS SOLELY RELATED TO MURDER CASES." 725 ILCS 5/103-2-1(b)(WEST/AUG 2015) — AUDIOVIDEO RECORDINGS OF CUSTODIAL INTERROGATIONS)

CONSEQUENTLY, ADDUCED FRANKS PERJURER O'BRIEN'S GRAND JURY TESTIMONY AS TO GARUBA'S NAME + BIRTHDATE WERE POISONED FRUIT PROSCRIBED BY CLEAR FED'L LAW: 18 USC §2710 (b). THE RESULTANT INDICTMENT IS VOID AS A RESULT FOR w/o GARUBA'S BIRTHDATE BEING "ILLEGALLY

6/7

DISCLOSED" (18 USC §§ 2710(a), (b)(2)(c)) THEN THIS ILLEGAL OBTAINMENT PII RECEIVED BY EVERY AUTHORITY AND EVERY "OTHER PROCEEDING" INCLUDING A "GRAND JURY" (18 USC 2710(d)) MEANT THAT THE REQUIRED CRIMINAL ELEMENTS FOR AGG. CRIM. SEX. ABUSE HAD NOT BEEN MADE BEFORE THE GRAND JURY AND THE INDICTMENT WAS PROCURED SOLELY W/ LEGALLY INSUFFICIENT EVIDENCE.

IN CONCLUSION, THE VALIDITY OF AN INDICTMENT IS PROPERLY CHALLENGED BY HABEAS CORPUS IF IT IS IN FACT VOID, FOR A VOID INDICTMENT CONFERS NO JURISDICTION UPON THE COURT. SEE PEOPLE EX REL. KELLEY V. FRYBE 41 ILL.2d 237, 242 (IL 1968) (INDICTMENT HAS TO ALLEGE ALL THE FACTS CONSTITUTING ALL ELEMENTS OF CRIME CHARGED) (HABEAS #1)

IN CONCLUSION, THE "FALSE PRETENSE" REASON IS SELF-EVIDENT: GAKUBA'S "BOOKING PROCESS" DENIAL AFFIDAVIT EXPOSES ADJUDGED FRANKS PERJURER O'BRIEN (+ SUBORNER ASA KURTZ) TO BECOME A MARUE PERJURER FOR TESTIFYING TO A FALSE/FABRICATED "BOOKING PROCESS-VERSION" (R2262); A PURPORTED FABRICATED HEARSAY RESPONSE FALSELY ATTRIBUTED TO GAKUBA. "FALSE PRETENSE" MEANS "FALSE STATEMENTS" WHICH IS SYNONYMOUS W/ "PERJURY."

THE PREVIOUS IL. APP.CT. RULINGS COMPRISED A CRAZY QUILT OF IRRELEVANT LEGAL DOCTRINES STITCHED TO POINTLESS CASE LAWS -- UNGOVERNED BY LAW, UNRESTRAINED BY THE RECORD. HABEAS CORPUS (FED'L, 28 USC 2254) IS A GUARD AGAINST EXTREME MALFUNCTIONS IN THE STATE CRIMINAL JUSTICE SYSTEM. HERE, THE MOTIVE WAS MALICE: A TRIAL CT. WITH ITS THUMB ON THE SCALE OF JUSTICE, ECLIPSED BY AN APPEALS CT. W/ A 5-FINGERED FIST. GAKUBA'S 3 SUBSTITUTION OF JUDGE FOR CAUSE MOTIONS WERE WRONGLY DENIED, UPHELD ON APPEAL. THIS WAS MALFEASANCE WHICH IS SYNONYMOUS W/ "CORRUPT" WHICH IS LIKEWISE TO "BRIBE." (HABEAS # 6)

IT IS WELL ESTABLISHED THAT TRIAL BEFORE A BIASED JUDGE IS STRUCTURAL ERROR, AS OCCURRED HERE. MOREOVER, A WRONGLY DENIED SUB. OF JUDGE RENDERS ALL SUBSEQUENT TRIAL COURT RULINGS VOID, AS SHOULD HAPPEN HERE. (HABEAS #2)

VERIFICATION-CERTIFICATION: UNDER PENALTIES AS PROVIDED PER 735 ILCS 5/09 GAKUBA CERTIFIES THAT THE ABOVE STATEMENTS ARE TRUE + CORRECT TO THE BEST OF HIS KNOWLEDGE + BELIEF-

6/12/2019

PETER GAKUBA (M52746)
13123 E. 1150TH AVE. ROBINSON, IL 62454

GAKUBA
PL.-PET.

v.   NEESE, MICHELE          CIRCUIT COURT, COOK CO.
       DEFT. - RESP.

PRISONER PETITION FOR IL. STATE HABEAS CORPUS WRIT FOR IMMEDIATE RELEASE

APPENDIX

ATTACHMENT #1 : GAKUBA v. NEESE 18-3398 (7TH CIR.)(FED'L HABEAS)

MOTION - ADD'L CASE LAWS (STATE v. LOCKLEAR 138 N.C. APP. 549 (2000))
                                                    (531 S.E. 2d 853 (2000))

ATTACHMENT #2 : GAKUBA v. NEESE 18-3398 (7TH CIR.)

MOTION - ADD'L CASE LAW (PEOPLE v. LOPEZ 2018 IL APP (1st) 153331)
                                              (112 N.E. 3d 1069)

ATTACHMENT #3: GAKUBA v. ILLINOIS 18-9041 (U.S.S.CT.) (2019 LEXIS 3865 (CERT. DENIED))

PET. WRIT OF CERTIORARI

ATTACHMENT #4 : GAKUBA v. NEESE 18-3398 (7TH CIR.)

PET. CERT. OF APPEALABILITY (28 USC §2253, F.R.APP.P. 22)

ATTACHMENT #5 : GAKUBA 2017 IL APP (2d) 150744-U

JUNE 5, 2013 - REPORT OF PROCEEDINGS

TRIAL JUDGE (AS ADVOCATE) "ASSUMING" "BOOKING PROCESS" (R1075-76)

ATTACHMENT #6 : GAKUBA 2017 IL APP (2d) 150744-U

JUNE 5, 2014 - R.O.P.

GAKUBA AFFIDAVIT DENIAL : ANNOUNCED, HAND-TENDERED, FILED
                                                           OPEN
                                                           COURT
ATTACHMENT #7 : GAKUBA 2017 IL APP (2d) 150744-U               (R 1478)
                                                                1484
                                                                1484
APRIL 29, 2015 - R.O.P. - SIDEBAR SUBORN NATIVE PERJURY

FRANKS (NOW NATIVE) PERJURER O'BRIEN'S JURY TRIAL TESTIMONY

ATTACHMENT #8 : GAKUBA 2017 IL APP (2d) 150744-U (ECF #21: ATTACH #3 GAKUBA 17 CV50337)
                                                                        (M.O.L.)
SEPT. 26, 2014 - "COMMON LAW RECORD"

GAKUBA'S "PROSE" "MOTION TO DISMISS INDICTMENT"

1/1

2842-2873
MOTION
2858-2863 GRAND JURY
TESTIMONY

FILED
Date: 9/26/14
Thomas A. Klein
Clerk of the Circuit Court
By
Winnebago County, IL        Deputy

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
COUNTY OF WINNEBAGO

PEOPLE OF THE STATE OF ILLINOIS )
)
v. )        No. 06-CF-4324
)        Judge John R. Truitt
PETER GAKUBA )

### DEFENDANT'S MOTION TO DISMISS INDICTMENT
### GAKUBA'S DATE-OF-BIRTH OBTAINED IN VIOLATION OF THE VPPA

NOW COMES *pro se* Defendant PETER GAKUBA ("defendant" or "Gakuba"), and

respectfully moves to dismiss the indictment as Gakuba's date-of-birth and driver's license

information (as shown in "Offer of Proof #1") (*See* **Deft. Exh. 2**) were disclosed unlawfully to

state police and law enforcement when they obtained them both, first and foremost, from Gakuba's

Hollywood Video customer account records. This "personally identifiable information" shall not

be received in or before a "grand jury" or "officer" or "other authority of the United States, a State,

or a political subdivision of a State." 18 U.S.C. § 2710(d)

The motion contains a verification by certification statement incorporated herein in

compliance and pursuant to 735 ILCS 5/109.

DECLARATION UNDER PENALTY OF PERJURY

I, Peter Gakuba, declare:

### I.   INTRODUCTION AND BACKGROUND

1.        On November 4, 2006 during the course of a criminal investigation undertaken by

state police (in conjunction with federal FBI special agents under the "Collective Knowledge

Doctrine" a/k/a "Fellow Officer Rule") Gakuba's date-of-birth and driver's license information

were unlawfully obtained.

2847

2.     This criminal investigation blossomed from a missing person's report of a gay juvenile runaway, M.S. After first truthfully stating he was running away from a devout Catholic homophobic family who persecuted him, upon the parents rebutting this claim through the revelation that M.S. was taking naked photos of himself (producing child pornography) and trading these naked "selfies" for the naked "selfies" of other children, the running away story became a sex offense story designed to deflect the parent's rage over their son's child porno-holism.

3.     This is not the first time a false rape allegation was made to deflect a parent's anger towards their progeny for perverted behavior. *See* "Virginia mangles justice in wrongful conviction case." http://www.washingtonpost.com/opinions/virginia-continues-to-mangle-justice-in-johnathan-montgomery-case/2013/12/26/6dd687a2-6c13-11e3-aecc-85cb037b7236_story.html (visited 01/11/2014)

> "In 2007, as a teenager, [the alleged victim] accused Mr. Montgomery of having assaulted her six years earlier, when she was 10 and he was 14. When she recanted last year – apparently overcome by guilt – she said she had invented the story to deflect her parents' anger when they caught her surfing pornography on the Internet."

4.     The Duke lacrosse players' case, along with the Scottsboro boys, both serve as other exemplars of such ulterior motives by an accuser of sex crimes to deflect or distract attention away from themselves and their own perversions or dysfunctions.

**A. John Doe Suspect – "Who" Rented Those Videos?**

5.     The criminal investigation had a John Doe suspect – as the alleged victim claimed he met with "Phil" described to be an 18-year old white male. "Phil" and the alleged victim had purportedly spent the night at a Rockford area hotel. The alleged victim could not recall if it was the Holiday Inn or the Marriott, and state police did not transport the alleged victim to either hotel or inn in furtherance of their investigation.

6.     Rather, the criminal investigators checked the hotel guest registries and found no "Phil" checked-in. Not to be deterred, the criminal investigators recalled the alleged victim claiming he had watched Scary Movies 1, Scary Movies 2, and Scary Movies 3 while "Phil" slept and the alleged victim remained awake all night.

7.     In violation of the Video Privacy Protection Act (the "VPPA"), 18 U.S.C. § 2710 et seq., the crime investigators contacted the nearest Hollywood Video store closest to the hotels in question. Without first obtaining a warrant, subpoena or court order, as required under the law, the criminal investigators obtained the "personally identifiable information" of just "who" rented Scary Movies 1, Scary Movies 2, and Scary Movies 3. 18 U.S.C. § 2710(b)(2)(C).

8.     The "personally identifiable information" disclosed unlawfully included Gakuba's date-of-birth and Gakuba's driver's license information later corroborated by the illegal seizure of Gakuba's driver's license itself when a *Payton* warrantless arrest occurred thereafter.

9.     After obtaining Gakuba's identity (i.e. first and last name), Gakuba's date-of-birth, Gakuba's address and telephone numbers (home and work), Gakuba's driver's license information – all disclosed by Hollywood Video and conveyed to the criminal investigators by telephone for which they hand wrote this information as State's discovery document "S-1171" of +5000 pages of discovery in this criminal case, these criminal investigators than perpetuated their lawlessness by a 4th Amendment violation without exigency and without probable cause into Gakuba's lawfully and privately rented Marriott hotel room as they now had Gakuba's name and easily matched it to the hotel guest registry.

10.     Not sure if the room occupant was, in fact, the person who rented the movies disclosed unlawfully to these criminal investigators, they entered Gakuba's home and at gunpoint demanded Gakuba give them his government issued identification: Gakuba's driver's license

which corroborates the driver's license information contained in the Hollywood Video customer account records.

11.     Afterwards, Gakuba was illegally arrested in a *Payton* warrantless arrest, charged by criminal information and posted bail on November 4th and 5th of 2006.

12.     In December 2006, Gakuba was then charged by a superseding criminal indictment.

13.     The grand jury heard from only one witness: Charles O'Brien ("O'Brien") who was the state police officer that obtained Gakuba's Hollywood Video customer account records which handwritten notes reveal now as undisputed fact.

14.     The grand jury colloquy has state prosecutor Kate Kurtz ("Kurtz") who supervised the criminal investigation, as a fact witness, and now impermissibly has been permitted to be the state prosecutor too, asking O'Brien Gakuba's date of birth and age.

15.     On December 20, 2006 the following Grand Jury testimony took place and is quoted liberally as it undisputedly reveals evidence that was submitted in violation of the VPPA:

(*See* **Deft. Exh. 1: Grand Jury transcript**)

(state prosecutor Kurtz, state police O'Brien)

> KURTZ:      Was Matthew interviewed and did he state he met the defendant on the internet, specifically MySpace, ad that Matthew told the defendant he was 14 years old?
>
> O'BRIEN:    Yes, he did.
>
> **KURTZ:      Did Matthew state that the defendant told him he was <u>18 years old</u>?**
>
> O'BRIEN:    Yes, he did.
>
>              \*\*\*
>
> **KURTZ:      Is Peter Gakuba's date of birth November 21st of 1969 and was he 37 years old at the time of these events?**

2850

16.    On September 24, 2014 Gakuba discovered "S-1171" which is State's discovery of state police handwritten notes of the Hollywood Video customer account information records obtained by state police when they unlawfully were attaining the identity-related evidence of who rented Scary Movies 1, Scary Movies 2, and Scary Movies 3.

17.    On September 24, 2014 Gakuba prepared an "Offer of Proof #1: Exclude Age and Date-of-Birth" based upon this finding. *See* **Deft. Exh. 2: Offer of Proof.**

18.    This "smoking gun" ("S-1171") demonstratively proves that Gakuba's date-of-birth and driver's license information were first and foremost obtained from Hollywood Video customer account information records.

19.    Suppression of this evidence directly obtained in violation of the VPPA and any evidence derived from it, shall not be received in or before a "grand jury" – as it illegally had been in the case at bar.

## II.    DISCUSSION AND ARGUMENT

20.    The VPPA contains a legislatively created rules of evidence exclusionary authority whereby this federal privacy statute plainly states that

VPPA, 18 U.S.C. § 2710(d)

> "**Personally identifiable information**. – Personally identifiable information obtained in any manner other than as provided in this section shall not be received in evidence in any trial, hearing, arbitration, or other proceeding in or before any court, **grand jury**, department, **officer**, agency, regulatory body, legislative committee, **or other authority of** the United States, **a State, or a political subdivision of State.**

21.    In *USA v. Doss,*13-1001 (7th Cir.) p. 9, discusses "means of identification" in the context of federal aggravated identity theft law.

"18 U.S.C. § 1028(d)(7) provides:

(7) the term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any

(A) **name, social security number, date of birth,** official State or government issued **driver's license or identification number**, government passport number, employer or taxpayer identification number;

(B) **unique biometric data,** such as fingerprint, voice print, retina or iris image, or other unique physical representation;

(C) unique electronic identification number, address, or routing code; or

(D) telecommunication identifying information or access device … [.]

22.    O'Brien, supervised by Kurtz, violated this federal privacy law by being law enforcement authorities who failed to obtain the mandatory legal process (i.e. warrant, subpoena, or court order). 18 U.S.C. § 2710(b)(2)(C). They did so on November 4, 2006 by stealing Gakuba's identity during the course of a criminal investigation. Thereafter, they lied about it in false affidavits which a state trial court ruled *Franks* violations had occurred. Employing a protective order over the case file tolled discovery by Gakuba as it was only in June 2011 that Gakuba had (limited) access to case discovery – and discovered the violation of the VPPA having been perpetrated by these defendants.

23.    The undisputed facts are that Gakuba's date-of-birth and driver's license information were obtained before the subsequent undisputed home invasion had occurred to illegally arrest Gakuba absent exigency or probable cause (remember Kurtz volunteered that probable cause came from identifying Gakuba as being the movie video renter connecting Gakuba to the alleged victim, otherwise they had a "John Doe" suspect named "Phil" who was 18 years old).

24.    The state trial court ruled that these facts came about from the "booking process."

25.    This is clear error.

26.     Gakuba was booked into the Winnebago Co. Jail at 11:52 PM CST on November 4, 2006. However, his Hollywood Video customer account information detailing Gakuba's date-of-birth and driver's license information were disclosed before the approximate 7:00 PM CST warrantless home invasion without exigency into Gakuba's Marriot hotel room. (State police *did* obtain a "consent" form from the Marriot hotelier, the wrong authority, then in suppression hearings falsely testified they had exigency when the undisputed evidence revealed they obtained consent – but from the wrong authority.) *See* **Offer of Proof #1.**

27.     Consequently, the fact pattern of this case is analogous to a two-step interrogation: use illegally obtained evidence to then legally obtain that very same evidence.

28.     **It is an uncontroverted legal principle that once a bell has been rung, you cannot un-toll it.**

29.     Here, all the facts that exist in this case came about first and foremost from the illegal disclosure and receipt of Gakuba's "personally identifiable information" which specifically the state police handwritten notes of "S-1171" reveal to be:

        a)     Gakuba's name,

        b)     address,

        c)     telephone numbers,

        d)     date-of-birth,

        e)     driver's license information,

        f)      along with the relevant movie titles.

30.     The purpose of writing this information down was to then proceed to use it, and, use it they did – flagrantly and egregiously – through the deliberate and exploitative violation of this federal privacy law which forbids poisoned-fruit evidence from being received as evidence in

2153

or before a grand jury. As well, it is not to be received as poisoned-fruit evidence before an "officer" for which state police are, along with the court officer being state prosecutors too. 18 U.S.C. § 2710(d).

31.    The grand jury proceeding, as brief as it was, reveals that the age of the suspect that the alleged victim had purported to be – was 18 years old.

32.    The age of "Peter Gakuba" was stated to be 37 years old before the grand jury, based upon the illegal obtainment of Gakuba's date-of-birth in violation of the VPPA.

33.    When an illegal arrest occurs, as had occurred here, the only evidence that survives are booking photos as the defendant being under the jurisdiction of the criminal court, must appear in-court; whereby, an in-court identification of the defendant can be made. Consequently, suppressing the booking photos of an illegal arrest would be moot and useless. Not so insofar as date-of-birth, fingerprints, DNA profiles, and other identity-related evidence which *are* suppressible as firmly established case law has settled this issue.

34.    However, whereas normally poisoned-fruit evidence invokes the court created exclusionary *rule* – which bars receipt of poisoned-fruit evidence in a criminal trial *only* – where there is an explicit statute governing the operational use of evidence, statutory law trumps or prevails any case law authority that preceded it.

35.    The VPPA is the only statute in American jurisprudence that Gakuba has found that the will of the legislature is this explicit and clear in the prohibition of poisoned-fruit identity-related evidence from being received or coming before a "grand jury." 18 U.S.C. § 2710(d).

36.    The will of the legislature must be enforced.

37.    Any claim of "inevitable discovery" must show there to have been an independent investigation concurrent to the time the investigation that bore poisoned-fruit took place.

38.     The manifest weight of the evidence undisputedly shows, and Gakuba's "Offer of Proof #1," forecloses on any claim that any investigation of any kind had existed – but for the one that led to the unlawful disclosure of Gakuba's identity through his movie rental records.

39.     Bear in mind, it is not the movie rental titles that are to be excluded or suppressed, but the identity of the person renting them. *See Amazon v. Lay*, No. C10-664-MJP, 2010 WL. 4262266 (W.D. Wash. Oct. 25, 2010) (declaratory judgment and injunctive relief GRANTED *against* the state of North Carolina and *to* intervenors John and Jane Does 1 through 6 along with Amazon to destroy records of John and Jane Does 1 through 6)

## III.   CONCLUSION

40.     Gakuba has proven through his "Offer of Proof #1," that the crucial element of Gakuba's age that the State must prove, had come about from violating the VPPA, first and foremost.

41.     Further, because two-step interrogations and "bootstrapping" of illegal or unlawful police conduct may not serve to cleanse the taint of poisoned-fruit, the indictment in this case must be dismissed as having been the byproduct of a grand jury being in receipt of Gakuba's date-of-birth that demonstratively and irrefutably had been obtained before the subsequent illegal seizure of Gakuba as a *Payton* warrantless arrest and *Franks* violations resulting in any in-custody statements by Gakuba to be stricken from false affidavits, and, from any criminal trial were Gakuba not to testify.

42.     Just as police may not seek the introduction of inculpatory evidence claimed under the "plain view" doctrine, when those police officers were illegally inside a suspect's home, the State cannot claim that Gakuba's date-of-birth was obtained from "booking" Gakuba when such "booking" evidence only is administrative under the analysis of Miranda and 5th Amendment law.

43.     Where there is a 4th Amendment violation, *preceded* by a violation of a federal privacy statute that forbids that poisoned-fruit evidence from being received by an "officer" or "other authority of a State or political subdivision of a State" – along with prohibitions against its admittance in "other proceedings" including a "grand jury" – then the indictment in the present case *sub judice* is to be dismissed with prejudice. Without the date-of-birth of Gakuba being established, and federal law mandating its exclusion from any and all judicial and administrative proceedings – including a "grand jury" – the offense charged cannot be proven as age of the defendant is the criminal element.

WHEREFORE, Gakuba respectfully moves the state trial court to dismiss the indictment for the aforesaid reasons.

The foregoing DEFENDANT'S MOTION TO DISMISS INDICTMENT GAKUBA'S DATE-OF-BIRTH OBTAINED IN VIOLATION OF THE VPPA has been carefully read by the undersigned who states under oath, under penalties as provided by law pursuant to 735 ILCS 5/109, in this motion and verification by certification statement he has knowledge of the matters stated and he certifies that the statements set forth in this motion and verification by certification statement are true and correct, except as to matters specifically stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Executed on: September 26, 2014                    Respectfully Submitted,

                                                   PETER GAKUBA, *Pro Se*
                                                   P.O. Box 17055
                                                   Rockford, IL 61110
                                                   (925) 464-9533
                                                   Email: pgakuba@gmail.com

2856

## PROOF OF FILING AND SERVICE

Defendant Peter Gakuba hereby certifies that on September 26, 2014 he hand-delivered a copy to the Clerk of the 17th Cir. Ct. of Winnebago Co., and hand-delivered or faxed to the Winnebago Co. State's Attorney (WCSAO) Criminal Division (815) 319) 4701 a true and correct copy of the DEFENDANT'S MOTION TO DISMISS INDICTMENT GAKUBA'S DATE-OF-BIRTH OBTAINED IN VIOLATION OF THE VPPA.

_____

Peter Gakuba

```
 1                               BEFORE THE GRAND JURY

 2                               WINNEBAGO COUNTY, ILLINOIS

 3

 4      IN THE MATTER OF :        )
                                  )        Testimony of
 5      PETER GAKUBA              )        CHARLES O'BRIEN

 6
                                Winnebago County Courthouse
 7                              400 West State Street
                                Rockford, Illinois
 8                              December 20, 2006

 9                              The testimony commenced at 11:10 a.m.

10

11
        PRESENT:        KATE C. KURTZ
12                      Assistant State's Attorney
                        Winnebago County State's Attorney's Office
13                      400 West State Street, Suite 619
                        Rockford, Illinois
14

15

16

17

18

19

20

21

22
                            Kathleen D. Berg, CSR
23                      400 West State St., Suite 619
                            Rockford, Illinois
24                            (815)987-3176
```

1

Deft. Exh. 1 pp. 1/6

1        MS. KURTZ: "The grand jury has the right to

2   subpoena and question any person against whom the

3   State's Attorney is seeking a bill of indictment, or

4   any other person, and to obtain and examine any

5   documents or transcripts relevant to the matter being

6   prosecuted by the State's Attorney."

7                    **CHARLES O'BRIEN,**

8   having been first duly sworn by the foreperson, was

9   examined and testified as follows:

10                **E X A M I N A T I O N**

11  BY MS. KURTZ:

12       Q.   Sir, would you tell us your name and spell

13  your last name for the court reporter?

14       A.   Charles O'Brien, O-'-B-r-i-e-n.

15       Q.   Where do you work, sir?

16       A.   Illinois State Police.

17       Q.   Sergeant O'Brien, on November 4, 2006 were

18  you assigned to investigate a case involving Matthew

19  Schmidt having a sexual relationship with an adult male

20  Peter Gakuba?

21       A.   I was.

22       Q.   Was Matthew interviewed and did he state he

23  met the defendant on the internet, specifically

24  MySpace, and that Matthew told the defendant he was

1    14 years old?

Prior to violationg the VPPA, "John Doe" suspect of movie video renter was believed to be 18 years old.

2         A.    Yes, he did.

3         Q.    Did Matthew state that the defendant told

4    him he was 18 years old?

5         A.    Yes, he did.

6         Q.    Did Matthew say that the defendant had

7    arranged to pick Matthew up near his home in Rockton,

8    Illinois?

9         A.    Yes, he did.

10        Q.    Did Matthew say the defendant picked him up

11   and they went to Peter Gakuba's hotel room at the

12   Marriott on the first floor?

13        A.    Yes.

14        Q.    Did Matthew say while in the hotel room the

15   defendant placed his mouth on Matthew's penis?

16        A.    Yes.

17        Q.    Did Matthew say the defendant placed his

18   penis in Matthew's mouth?

19        A.    Yes.

20        Q.    Did Matthew say that the defendant placed

21   his penis in Matthew's anus?

22        A.    Yes.

23        Q.    Was the defendant interviewed and did he

24   admit that Matthew Schmidt spent the night in his hotel

3

2860

1    room at the Courtyard by Marriott on East State Street
2    in Rockford, Illinois?
3         A.   Yes, he was and yes, he did.
4         Q.   Was the defendant interviewed by police
5    detectives and did he admit that he met Matthew on the
6    internet and -- did he admit he met Matthew on the
7    internet?
8         A.   Yes.

> Gakuba's unlawful receipt of date-of-birth in violation of the VPPA, 18 USC sec. 2710(d)

9         Q.   Is Matthew Schmidt's date of birth
10   January 25th of 1992 and was he 14 years old at the
11   time of these events?
12        A.   Yes.
13        Q.   Is Peter Gakuba's date of birth
14   November 21st of 1969 and was he 37 years old at the
15   time of these events?
16        A.   Yes.
17        Q.   Did these events occur in the County of
18   Winnebago and State of Illinois?
19        A.   Yes, they did.
20             MS. KURTZ:  Does anyone have any questions
21   for Sergeant O'Brien?
22             (No response.)
23             MS. KURTZ:  Thank you.
24        (Whereupon, the witness was excused from the stand.)

4

**Deft. Exh. 1  pp. 4/6**

1                CERTIFICATE OF SHORTHAND REPORTER

2

3         I, Kathleen D. Berg, a Certified Shorthand

4 Reporter, (License No. 084-004370) Notary Public in and

5 for the State of Illinois, hereby certify that I

6 reported the testimony in the investigation of the

7 above-entitled cause before the Grand Jury, Winnebago

8 County, Illinois, and that the above and foregoing

9 typewritten transcript is a full, true, and complete

10 transcript of all the shorthand notes of the testimony

11 taken down and reported by me at the investigation of

12 said cause and contains a full, true, and complete

13 report of all the testimony offered or introduced.

14

15         Dated this 8th day of January, 2007.

16

17

18

19                          Kathleen D. Berg, CSR

20

21

22

23

24

5

**Deft. Exh. 1 pp. 5/6**

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
COUNTY OF WINNEBAGO

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 06 CF 4324 |
| | ) | SUPPLEMENTAL ANSWER TO |
| | ) | DEFENDANT'S MOTION FOR |
| PETER GAKUBA | ) | DISCOVERY BEFORE TRIAL |
| Defendant. | ) | |

NOW COME the People of the State of Illinois by Paul A. Logli, State's Attorney,

Winnebago County, Illinois, and Kate Kurtz, Assistant State's Attorney, and in their supplemental

answer to defendant's motion for discovery before trial state as follows:

5. The transcribed Grand Jury testimony of Charles O'Brien (12/20/06) has been provided to the
   defense.

THE PEOPLE OF THE STATE OF ILLINOIS

BY: Kate Kurtz
    Kate Kurtz
    Assistant State's Attorney

DATE PREPARED: February 14, 2007

**Deft. Exh. 1 pp. 6/6**

2863

**ILLINOIS STATE POLICE**
INVESTIGATIVE REPORT

| File # | Reporting Date(s) | $\Lambda 0$ Reporting Agents(s) | ID # | | Lead No. |
|---|---|---|---|---|---|
| 06-19162RK | 11/04/06 | Sgt O'Brien 3944 M/Sgt Easton 3607 | | | |

| Title | | Case Agent: ID # | Dist./Off. | Typed by: | Date |
|---|---|---|---|---|---|
| Peter Gakuba | | Balsley 4586 | Z2RK | co | 11/06/06 |

**Purpose**

Undisputed fact: Gakuba's identity obtained ONLY upon violating Gakuba's 1st Amend and the VPPA, proceeded by 4th Amend violations and Ill. Const. art 1,

Interview of Peter Gakuba

On 11/04/06, at approximately 2:40 a.m., the Rockton Police Department took a missing person report from Jeff and Kim Schmidt, 1204 Sheppard Rd., Rockton, Illinois, regarding their fourteen old son. At approximately 1:50 p.m., the Rockton Police Department was notified that the Schmidt's son had returned home. During the course of an interview with the Juvenile Subject, Rockton Police learned he ~~had spent the night at the Courtyard by Marriott hotel in Rockford with an adult male only known as Phil who he met on the internet. Phil was later determined to be Peter Gakuba, 36 years of age of Baltimore, Maryland.~~ The Rockton Police Department subsequently requested investigative ~~assistance of the Illinois State Police, Zone 2, regarding the encounter between the two~~ individuals.

On 11/04/06, at approximately 5:15 p.m., R/A O'Brien went to the Courtyard by Marriott, located at 7676 E. State St., Rockford, and met with Tanea L. Tennin, the evening desk clerk. Upon talking with Tennin R/A was able to determine Matthew Schmidt (JS) previously identified, was referring to Room 101,at the hotel, during his earlier interview. Tennin checked the registration entries and advised a Peter Gakuba (physical description) had rented room 101 on 11/03/06. It was also determined the room was still rented by Gakuba and his check out date was 11/05/06. R/A went to the hallway where room 101 is located which is also next to an exit door. R/A observed a silver, Ford Taurus, four door (vehicle description), in the first parking ~~stall outside this~~ exit door. R/A conducted a license check on the Illinois registration, F500243, through the Illinois Secretary of State. The vehicle was registered to PV Holding Corporation, Chicago. R/A talked with Tennin and was advised they had no further information on Gakuba due to his reservation being booked through Travelocity.com.

~~R/A O'Brien contacted Merlin Peacey, via a telephone, store manager for Hollywood Video, 1510 E. Riverside Blvd., Loves Park, Il., 815-282-8509. Peacey advised R/A, Peter Gakuba had rented the three movies R/A inquired about, Scary Movie 1, Scary Movie 2, and Scary Movie 3. The movies were rented on 11/03/06, by Gakuba along with three other movies. Peacey advised Gakuba had a~~

Undisputed fact: Gakuba's identity obtained in violation of the 1st Amend and the Video Privacy Protection Act, 18 USC sec. 2710 et seq. Law enforcement failed to get consent, or legal process.

This document contains neither recommendations nor conclusions of the Illinois State Police. It and its contents are not to be disseminated outside your agency.

IL493-0157

**Appendix A1/9**

Deft. Exh. 2  pp. 2/10

C 3315

Case 06-19162RK
Date 11/04/06
Agent Sgt O'Brien 3944
Page 2

Undisputed fact: Age and date-of-birth
came ONLY from illegal seizure of
Gakuba's NY driver's license

Hollywood Video account which listed an address of 10749 Falls Rd., Brooklandville, MD., 21002, TX: 410-308-2777. No further information was obtained from Peacey.

On 11/04/06, Reporting Agents (R/A's) went to room 101, at the Courtyard by Marriott, hotel, 7676 E. State St., Rockford, Il. Assistant Manager Ronald Rodriguez, knocked on the door to room 101 and stated he was the manager of the Marriot and asked the person inside the room, Peter Gakuba, to come to the door. Gakuba asked what he wanted and Rodriguez replied he needed to talk with Gakuba. Gakuba did not answer the door. R/A O'Brien then knocked on the door and identified himself as the police and asked him to open the door as we needed to talk with him. Again Gakuba did not open the door or reply. R/A O'Brien used a hotel master key to open the door. R/A's entered the room, identified themselves as police officers. Gakuba was standing next to the desk and a laptop computer on the desk was observed to be shutting down. Gakuba was wearing a T-shirt, long pajama type bottoms and socks. Gakuba was informed the R/A's were conducting an investigation which required him to accompany us to our office. Gakuba asked if he was under arrest and was advised no, but he had no option to decline. Gakuba put on a button down shirt, pants, shoes, and a long black coat before leaving. The only personal item taken from the room was Gakuba's New York drivers license, copy attached. Prior to leaving Gakuba asked if this was something he needed an attorney for. Gakuba was told by R/A O'Brien that was up to Gakuba, and he could make that decision when we got to our office. Gakuba was then transported to R/A's office, 200 S. Wyman St., Rockford, by Tpr. Paulson of the Illinois State Police (ISP).

Before R/A's departure, 7:25 p.m., R/A Easton placed two pieces of tape on the door and frame to room 101. This tape was also marked by R/A Easton so R/A's could tell if the room had been entered at a later date. In addition the hotel supervisor disabled the unlocking code so that the door could only be opened by the management.

At 7:55 p.m., R/A O'Brien in the presence of R/A Easton read Gakuba his constitutional rights from the ISP constitutional rights and waiver form. R/A placed the form on the desk so Gakuba could see the form as R/A read it to him. After each right Gakuba was asked if he understood the right, and he replied yes, and placed his initials next to each right 1, 2, 3, and 4. Gakuba was asked to sign the form which he did. See attached copy, original placed in a 1-A exhibit envelope and will be maintained in the case file. Gakuba stated he understood his rights and did not have any questions. Gakuba did not request an attorney.

Following is a summary of the information provided by Gakuba as perceived by R/A's.

Gakuba stated he lives at 1101 St. Paul St., Suite 405, Baltimore, MD., 21202. When asked why he has a New York license Gakuba stated he also has an apartment at that location. He advised he has two phone numbers, one through cingular and one through T-mobile, 443-983-0390, and 410-583-6037. He could not recall which number went with which company. Gakuba also had a toll-free number which he obtained about a week ago. The only part of the number he could remember was the first three digits 888.

Gakuba stated he had traveled to Chicago, Il. on business. He was spending the

A-221-10

Deft. Exh. 2 pp. 3/10

**Appendix A2/9**

Case: 1:19-cv-05429 Document #: 1 Filed: 08/12/19 Page 66 of 73 PageID #:1

06-19162 RK
11/04/06



A-23/110
Appendix A3/9

Deft. Exh. 2 pp. 4/10

5.30

0001 6

C 3317

10749 FALLS RD
BROOKLANDVILLE RD. MD. 21022
410 - 308 -2777 CONTACT #
410 296- 1970 WORK #

11/21/69

> Undisputed fact: Gakuba's date-of-birth obtained unlawfully from Hollywood Video Account in violation of the VPPA BEFORE Gakuba's illegal seizure. Suppression-Exclusion is MANDATED by Statute. 18 USC, sec. 2710(d)

REISTERSTOWN   21136
410- 517- 1808

ACCOUNT #  w/ HOLLYWOOD VIDEO
0208252596 2

MD   5558 4989

> Undisputed fact: Gakuba's driver's license # obtained from Hollywood Video Account prior to illegal seizure.

STORE NUMBER FIRST SIX of ACCOUNT

11/03/06   RENTED 6 MOVIES
DVD. SCARY MOVIE 1  - 2 & 3
CLICK
MISSION IMPOSSIBLE 3
PAAT GIRLZ
CK OUT   10:06 PM

CK IN   4:03 PM  11/04/06

A-24/110
Appendix A4/9

Deft. Exh. 2 pp. 5/10

C 3318

10749 FALLS RD.
BROOKLANDVILLE RD. MD. 21022
416-308-2777 CONTACT #
410 296-1970 WORK #

11/21/69

STORE.

(REISTERSTOWN 21136)
410-517-1808

ACCOUNT # w/ HOLLYWOOD VIDEO
0208252596 2

MD 5558 5 4989

STORE NUMBER FIRST SIX OF ACCOUNT

---

11/03/06   RENTED 6 MOVIES
DVD.  SCARY MOVIE 1 - 2 & 3
CLICK
MISSION IMPOSSIBLE 3
PHAT GIRLZ
CK OUT  10:06 PM

CK IN   4:03 PM  11/04/06

**A-25/110**      Deft. Exh. 2 pp. 6/10
Appendix A5/9

C 3319

# ILLINOIS STATE POLICE
## PERSONAL HISTORY REPORT

| 1. File # -19163RK | 2. Date 11/04/06 | 3. Type of Report Arrest ☒ Information ☐ | 4. Case Agent Baisley | ID # 4586 | 5. District/Office Z2 RK | 6. Typed By DB |
|---|---|---|---|---|---|---|
| 7. C/S Name | | 8. Arrest # A80390 | 9. Place of Interview Zone 2 Investigations Rockford Office | | | 10. Time Began 9:20 P.M. |
| 11. Interviewed By M.L. Easton | | | 12. Others P... N/A | | | |

*(handwritten note box):* Undisputed fact: this # not on Hollywood Video Acct. Proves Hollywood Video Acct. Info. acquired before Gakuba's illegal arrest / seizure.

## I. DESCRIPTIVE AND IDE...

| 13. Full Name (First name, middle initial and last) Peter Gakuba | | | 14. Alias/Nickname N/A | | | N/A |
| 16. Address 1101 St. Paul St #405 | | | 17. City Baltimore | 18. State MD | 19. How Long 20 years | 20. Telephone 410-576-9100 |
| 21. Previous Address N/A | | | 22. City N/A | 23. State N/A | 24. How Long N/A | 25. Telephone N/A |
| 26. Sex Male | 27. Race African American | 28. Height 6'00" | 29. Weight 160 | 30. Age 36 | 31. DOB 11/21/69 | Alias DOB N/A | 32. Place of Birth Baltimore |
| 33. Citizenship US | 34. Hair Black | 35. Facial Hair None | 36. Eyes Brown | 37. Glasses yes | 38. Build Slim | 39. Complexion Med | 40. Social Security # |
| 41. Drivers License # MD | | 42. Scars/Marks None/ 2 birth marks | | 43. Tattoos (Type and Location) N/A | | |
| 44. Attire Blue shirt/ Black slacks and shoes | | | | 45. Visible I... N/A | | |
| 46. Automobile (Year, Color, Make, Model) ...A | | | | 47. License ... N/A | | |
| 50. Employer Self employed | | 51101 St. Paul St #405 | | | 52. Business... N/A | |
| 54. Previous Employer N/A | | 55. Address N/A | | | 56. Occupation N/A | |

*(handwritten note box):* Undisputed fact: Trial court's clear error of fact ruling Gakuba's age/date-of-birth obtained from "Booking Process" @ 11:52 PM CST when Gakuba illegally seized at 6:00 PM CST -- along with Gakuba's Hollywood Video Account Info. & NY Driver's License.

## II. CURRENT ARREST DATA

| 58. Date of Arrest 11/04/06 | 59. Time of Arrest 9:20 P.M. | 60. Location of Arrest 200 S. Wyman St. Rockford IL 61101 | |
| 61. ISP Arresting Agents Sgt. C. O'Brien #3944 | | 62. Other Officers Presen... M/Sgt. M. Easton #... | |
| 64. Charges 2 counts Aggravated Criminal Sexual Assault | | 65. Date of Offense 11/03/06 | 66. Offense (ILCS) 720 ILCS 5/12-16(d) | 67. Crime Code(s) 1563 |
| 68. Defendant Transported To Winnebago County Jail | 69. Transported By Winnebago County Jail Transport | | | 70. Time 11:52 p.m. |
| 71. Rights Given Yes ☒ No ☐ | Sgt. C. O'Brien #3944 | 73. Time 7:55 p.m. | 74. LEADS/NCIC Checked By | |

75. Caution Codes ----- ☐ Attempted Suicide --- ☐ Drug Use ---- ☐ Resisted Arrest --- ☐ Armed With Weapon ---- ☐ Alcohol Use

☐ Violent   ☐ Medical Condition  ☐ Impersonating Opposite Sex   ☐ History of Admission to Mental Facility   ☐ Yes ☐ No   Habitual Criminal

| 76. Fingerprint Cards Submitted By | 77. FBI # | ISB # | C.P.R. IR # | Public Aid # | Alien ID # | FOID # |

| .. Gang/Organization Affiliation N/A | 79. Person(s) Contacted |

A-26/140

Deft. Exh. 2 pp. 7/10

Appendix A619

THIS DOCUMENT IS THE ... ILLINOIS STATE POLICE
IT AND ITS CONTENTS ARE NOT TO BE DISSEMINATED OUTSIDE YOUR AGENCY

II-403-0119

ISP4-5 (5/94)

C 3320

## III. PERSONAL DATA

| 80. Marital Status | 81. Times Married | 82. Dates Married | 83. Places Married | 84. Times Divorced | 85. Dates Div. | 86. Places Divorced |
|---|---|---|---|---|---|---|
| Single | N/A | N/A | N/A | N/A | N/A | N/A |

| 87. Present Spouse | 88. Maiden Name | 89. Date of Birth | 90. Occupation |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

| 91. Previous Spouse | 92. Address | 93. Previous Spouse | 94. Address |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

| 95. Father | 96. Address | 97. Mother | 98. Address |
|---|---|---|---|
| David Gakuba | | Allah Gakuba | |

| 99. Father-in-law | 100. Address | 101. Mother-in-law | 102. Address |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

| 103. Sister/Brother | 104. Address | 105. Sister/Brother | 106. Address |
|---|---|---|---|
| Chris Gakuba | 2373 Broadway #1121 New York NY | N/A | N/A |

| 107. Sister/Brother | 108. Address | 109. Sister/Brother | 110. Address |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

| 111. Children | 112. Age | 113. Children | 114. Age | 115. Children | 116. Age |
|---|---|---|---|---|---|
| N/A | N/A | N/A | N/A | N/A | N/A |

| 117. Children | 118. Age | 119. Children | 120. Age | 121. Children | 122. Age |
|---|---|---|---|---|---|
| N/A | N/A | N/A | N/A | N/A | N/A |

| 123. Military Service (Branch) | 124. Dates | 125. Rank Attained | 126. Job Assignment | 127. Service No. | 128. Type of Discharge |
|---|---|---|---|---|---|
| N/A | N/A | N/A | N/A | N/A | N/A |

| 129. Read | 130. Write | 131. Registered Voter | 132. County | 133. Union Member | 134. Union and Local # |
|---|---|---|---|---|---|
| Yes ☒ No ☐ | Yes ☒ No ☐ | Yes ☐ No ☒ | N/A | N/A | N/A |

| 135. High School Attended | 136. Years | 137. College Attended | 138. Years |
|---|---|---|---|
| Owings Mills H.S. | 4 | John Hopkins Baltimore Economics | 4 |

| 139. Doing Business As Sole Proprietor or Partnership | 140. Address | 141. Partners |
|---|---|---|
| Yes ☒ No ☐  Business Name | N/A | N/A |

| 142. Officer, Director or Principal Stockholder in Any Corporation | 143. Pay Property Tax | 144. County State |
|---|---|---|
| Yes ☐ No ☒  Corporation Name | Yes ☐ No ☒ | N/A    N/A |

| 145. Bank | 146. Type of Accounts | 147. Maintain Cash in Safety Deposit Box |
|---|---|---|
| State Farm Bloomington IL | Savings / Checking | Yes ☐ No ☒  Where |

| 148. Loans Outstanding | 149. Attorney |
|---|---|
| Vehicle | David Shapiro |

## IV. ARREST/DRUG DATA

| 150. Previous Arrest/Charge | 151. Date | 152. Co-Defendants | 153. Arresting Agency | 154. Disposition |
|---|---|---|---|---|
| No | | | | |

| 155. Previous Arrest/Charge | 156. Date | 157. Co-Defendants | 158. Arresting Agency | 159. Disposition |
|---|---|---|---|---|
| | | | | |

| 160. Previous Arrest/Charge | 161. Date | 162. Co-Defendants | 163. Arresting Agency | 164. Disposition |
|---|---|---|---|---|
| | | | | |

| 165. Addicted to Drugs | 166. Habitually Use | 167. Drugs Used | 168. Date First Used |
|---|---|---|---|
| Yes ☐ No ☒ | Yes ☒ No ☐ | Marijuana | 1982 |

| 169. Source of Drugs | 170. Drug Associates |
|---|---|
| street | N/A |

| 171. Addiction Cures Attempted | 172. Length of Treatment | 173. Location | 174. Time Interview Ended |
|---|---|---|---|
| ☐ Federal ☐ State ☐ County ☐ Private | N/A | N/A | 9:35 p.m. |

**A-27/110**
**Appendix A7/9**

**Deft. Exh. 2 pp. 8/10**

C 3321

# ILLINOIS STATE POLICE
## PERSONAL HISTORY REPORT

| 1. File #<br>06-19163RK | 2. Date<br>11/04/06 | 3. Type of Report<br>Arrest ☒ Information ☐ | 4. Case Agent<br>Balsley | ID #<br>4586 | 5. District/Office<br>Z2 RK | 6. Typed By<br>DB |
|---|---|---|---|---|---|---|
| 7. C/S Name | | 8. Arrest #<br>A80390 | 9. Place of interview<br>Zone 2 Investigations Rockford Office | | | 10. Time Began<br>9:20 P.M. |
| 11. Interviewed By<br>M.L. Easton | | | 12. Others Present<br>N/A | | | |

## I. DESCRIPTIVE AND IDENTIFYING DATA

| 13. Full Name (First name, middle initial and last)<br>Peter Gakuba | | | 14. Alias/Nickname<br>N/A | | | 15. Maiden Name<br>N/A | |
|---|---|---|---|---|---|---|---|
| 16. Address<br>1101 St. Paul St #405 | | | 17. City<br>Baltimore | | 18. State<br>MD | 19. How Long<br>20 years | 20. Telephone<br>410-576-9100 |
| 21. Previous Address<br>N/A | | | 22. City<br>N/A | | 23. State<br>N/A | 24. How Long<br>N/A | 25. Telephone<br>N/A |

| 26. Sex<br>Male | 27. Race<br>African American | 28. Height<br>6'00" | 29. Weight<br>160 | 30. Age<br>36 | 31. DOB<br>11/21/69 | Alias DOB<br>N/A | 32. Place of Birth<br>Baltimore | |
|---|---|---|---|---|---|---|---|---|
| 33. Citizenship<br>US | 34. Hair<br>Black | 35. Facial Hair<br>None | 36. Eyes<br>Brown | 37. Glasses<br>yes | 38. Build<br>Slim | 39. Complexion<br>Med | 40. Social Security #<br>2▮▮▮▮▮ | |

| 41. Drivers License #<br>▮▮▮▮▮▮ MD | 42. Scars/Marks<br>None/ 2 birth marks | 43. Tattoos (Type and Location)<br>N/A |
|---|---|---|
| 44. Attire<br>Blue shirt/ Black slacks and shoes | | 45. Visible Injuries<br>N/A |
| 46. Automobile (Year, Color, Make, Model)<br>N/A | | 47. License (Year, State, Number)<br>N/A |

| 50. Employer<br>Self employed | 51. Address<br>1101 St. Paul St #405 | 52. Occupation<br>Business Consultant | 53. Length<br>N/A |
|---|---|---|---|
| 54. Previous Employer<br>N/A | 55. Address<br>N/A | 56. Occupation<br>N/A | 57. Length<br>N/A |

## II. CURRENT ARREST DATA

| 58. Date of Arrest<br>11/04/06 | 59. Time of Arrest<br>9:20 P.M. | 60. Location of Arrest<br>200 S. Wyman St. Rockford IL 61101 | | |
|---|---|---|---|---|
| 61. ISP Arresting Agents<br>Sgt. C. O'Brien #3944 | | 62. Other Officers Present<br>M/Sgt. M. Easton #3607 | | 63. Other Agency |

| 64. Charges<br>2 counts Aggravated Criminal Sexual Assault | 65. Date of Offense<br>11/03/06 | 66. Offense (ILCS)<br>720 ILCS 5/12-16(d) | 67. Crime Code(s)<br>1563 |
|---|---|---|---|
| 68. Defendant Transported To<br>Winnebago County Jail | 69. Transported By<br>Winnebago County Jail Transport | | 70. Time<br>11:52 p.m. |

| 71. Rights Given<br>Yes ☒ No ☐ | 72. By<br>Sgt. C. O'Brien #3944 | 73. Time<br>7:55 p.m. | 74. LEADS/NCIC Checked By |
|---|---|---|---|

| 75. Caution Codes | ☐ Attempted Suicide | ☐ Drug Use | ☐ Resisted Arrest | ☐ Armed With Weapon | | ☐ Alcohol Use |
|---|---|---|---|---|---|---|
| | ☐ Violent | ☐ Medical Condition | ☐ Impersonating Opposite Sex | ☐ History of Admission to Mental Facility | ☐ Yes<br>☐ No | Habitual Criminal |

| 76. Fingerprint Cards Submitted By | 77. FBI # | ISB # | C.P.R. IR # | Public Aid # | Alien ID # | FOID # |
|---|---|---|---|---|---|---|

| 78. Gang/Organization Affiliation<br>N/A | 79. Person(s) Contacted |
|---|---|

A-28/110     Deft. Exh. 2 pp. 9/10

THIS DOCUMENT IS THE PROPERTY OF THE ILLINOIS STATE POLICE
IT AND ITS CONTENTS ARE NOT TO BE DISSEMINATED OUTSIDE YOUR AGENCY

IL493-0119     ISP4-5 (6/94)

C 3322

## III. PERSONAL DATA

| 80. Marital Status | 81. Times Married | 82. Dates Married | 83. Places Married | 84. Times Divorced | 85. Dates Div. | 86. Places Divorced |
|---|---|---|---|---|---|---|
| Single | N/A | N/A | N/A | N/A | N/A | N/A |

| 87. Present Spouse | 88. Maiden Name | | 89. Date of Birth | 90. Occupation |
|---|---|---|---|---|
| N/A | N/A | | N/A | N/A |

| 91. Previous Spouse | 92. Address | 93. Previous Spouse | 94. Address |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

| 95. Father | 96. Address | 97. Mother | 98. Address |
|---|---|---|---|
| David Gakuba | | Allah Gakuba | |

| 99. Father-in-law | 100. Address | 101. Mother-in-law | 102. Address |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

| 103. Sister/Brother | 104. Address | 105. Sister/Brother | 106. Address |
|---|---|---|---|
| Chris Gakuba | 2373 Broadway #1121 New York NY | N/A | N/A |

| 107. Sister/Brother | 108. Address | 109. Sister/Brother | 110. Address |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

| 111. Children | 112. Age | 113. Children | | 114. Age | 115. Children | | 116. Age |
|---|---|---|---|---|---|---|---|
| N/A | N/A | N/A | | N/A | N/A | | N/A |
| 117. Children | 118. Age | 119. Children | | 120. Age | 121. Children | | 122. Age |
| N/A | N/A | N/A | | N/A | N/A | | N/A |

| 123. Military Service (Branch) | 124. Dates | 125. Rank Attained | 126. Job Assignment | 127. Service No. | 128. Type of Discharge |
|---|---|---|---|---|---|
| N/A | N/A | N/A | N/A | N/A | N/A |

| 129. Read | 130. Write | 131. Registered Voter | 132. County | 133. Union Member | 134. Union and Local # |
|---|---|---|---|---|---|
| Yes ☒ No ☐ | Yes ☒ No ☐ | Yes ☐ No ☒ | N/A | N/A | N/A |

| 135. High School Attended | 136. Years | 137. College Attended | 138. Years |
|---|---|---|---|
| Owings Mills H.S. | 4 | John Hopkins Baltimore  Economics | 4 |

| 139. Doing Business As Sole Proprietor or Partnership  Yes ☒ No ☐   Business Name | 140. Address | 141. Partners |
|---|---|---|
| | Baltimore | N/A |

| 142. Officer, Director or Principal Stockholder in Any Corporation  Yes ☐ No ☒   Corporation Name | 143. Pay Property Tax  Yes ☐ No ☒ | 144. County | State |
|---|---|---|---|
| | | N/A | N/A |

| 145. Bank | 146. Type of Accounts | 147. Maintain Cash in Safety Deposit Box  Yes ☐ No ☒   Where |
|---|---|---|
| State Farm Bloomington IL | Savings / Checking | |

| 148. Loans Outstanding | 149. Attorney |
|---|---|
| Vehicle | David Shapiro |

## IV. ARREST/DRUG DATA

| 150. Previous Arrest/Charge | 151. Date | 152. Co-Defendants | 153. Arresting Agency | 154. Disposition |
|---|---|---|---|---|
| No | | | | |
| 155. Previous Arrest/Charge | 156. Date | 157. Co-Defendants | 158. Arresting Agency | 159. Disposition |
| | | | | |
| 160. Previous Arrest/Charge | 161. Date | 162. Co-Defendants | 163. Arresting Agency | 164. Disposition |
| | | | | |

| 165. Addicted to Drugs  Yes ☐ No ☒ | 166. Habitually Use  Yes ☒ No ☐ | 167. Drugs Used | 168. Date First Used |
|---|---|---|---|
| | | Marijuana | 1982 |

| 169. Source of Drugs | 170. Drug Associates |
|---|---|
| street | N/A |

| 171. Addiction Cures Attempted  ☐ Federal ☐ State ☐ County ☐ Private | 172. Length of Treatment | 173. Location | 174. Time Interview Ended |
|---|---|---|---|
| | N/A | N/A | 9:35 p.m. |

**A-29/110**
**Appendix A9/9**

**Deft. Exh. 2  pp. 10/10**





THIS CORRESPONDENCE
IS FROM AN INMATE OF
THE ILLINOIS DEPT
OF CORRECTIONS

UNITED STATES POSTAGE
PITNEY BOWES
02 1M
0004291134    AUG 07 2019
$ 06.70⁰
MAILED FROM ZIP CODE 62454

Peter Bakuba (M52946)
Robinson CC
13423 E. 1150ᵀᴴ Ave.
Robinson, IL 62454

COURT CLERK - Prisoner Correspondence
U.S.D.C. - N.D.IL., E.Div.
219 S. Dearborn St.
Chicago, IL 60604

**RECEIVED**

AUG 12 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT



1:19-cv-05429
Judge John J. Tharp, Jr
Magistrate Judge Jeffrey Cummings
PC9



08/12/2019-1

**LEGAL MAIL**