GAKUBA
PL.-PET.-APPELLANT

v. BROWN ET AL
DFTS.-RESP.-APPELLEE

CASE # 19CV5429

JUDGE THARP

U.S.D.C. - N.D.IL.

**MOTION FOR JUDGMENT ON THE PLEADINGS PER 12(c)**

FILED FEB 14 2020 THOMAS G. BRUTON CLERK, U.S. DISTRICT COURT

NOW COMES "PRO SE" INDIGENT-IMPRISONED PL.-PET.-APPELLANT PETER GAKUBA ("GAKUBA") IN THE ABOVE-CAPTIONED RELIEF.

GAKUBA STATES THE FOLLOWING UPON KNOWLEDGE, INFO., + BELIEF. 28 USC §1746, 735 ILCS 5/109.

PETER GAKUBA DECLARES UNDER PENALTY OF PERJURY:

**I ① INTRODUCTION:** AS A MATTER OF LAW, GAKUBA IS ENTITLED TO EQUITABLE RELIEF IN FED'L COURT FOR COOK CO. COURT CLERK DOROTHY BROWN'S OBDURATE REFUSAL TO FILE GAKUBA'S JUNE 2019 IL. STATE HABEAS CORPUS WRIT PETITION (~7 PAGES, 250 PAGES OF SUPPORTING RECORDS). BROWN DOES NOT DISPUTE HER DENYING GAKUBA ACCESS TO THE COURTS. 1ST AMEND. VIOL. SEE E.G. McDONALD v. BROWN 2004 US DIST LEXIS 18802 (N.D.IL. 9/17/04) (CITES 29 F.3d 1244, 1248 (7TH 1994)) (PRISONERS HAVE A CONSTITUTIONAL RIGHT TO MEANINGFUL ACCESS TO THE COURTS)) AND BECAUSE GAKUBA ATTACHED TO HIS COMPLAINT UNDISPUTED CORROBORATIVE AND DISPOSITIVE DOCUMENTS TO HIS AUGUST 2019 INITIAL FILING, FOLLOWED UP BY ADD'L PLEADINGS -- "NOTICE TO THE COURT" -- OVERWHELMINGLY PROVING BROWN'S CULPABILITY, BE IT VIA A JUDGMENT ON THE PLEADINGS (RULE 12(c)); SUMMARY JUDGMENT (RULE 56); EQUITABLE RELIEF (RULE 65); JUSTICE DELAYED MUST NOT BECOME JUSTICE DENIED.

**II UNDISPUTED MATERIAL FACTS:**

② APRIL 27, 2021 GAKUBA'S FALSE IMPRISONMENT SHOULD CONCLUDE; AND WITH IT, HABEAS RELIEF AS IMPRISONMENT IS THE PREDICATE TO SUCH.

③ GAKUBA WAS FALSELY ARRESTED IN NOV. 2006 DURING A BUSINESS TRIP FROM NEW YORK TO ILLINOIS AS AN ENERGY FUTURES TRADER / HEDGE FUND ASPIRANT; TAKING UP RESIDENCY IN COOK CO., ILLINOIS FROM 2008-2014; THEN WINNEBAGO CO. AS A PRO SE CRIMINAL DEFT. FROM 2014-2015; BEFORE BECOMING NOW A WARD OF THE STATE, FALSELY IMPRISONED. SEE GAKUBA v. O'BRIEN 12CV7296 (N.D.IL.)

④ GAKUBA EXPECTS TO PAROLE TO COOK CO., ILLINOIS; RESIDE IN COOK CO., IL. DURING THE PENDENCY OF HIS VARIOUS ONGOING STATE/FED'L CRIMINAL/CIVIL LAWSUITS.

⑤ DOROTHY BROWN HAS BEEN THE COURT CLERK FOR THE COOK CO. CIRCUIT COURT SINCE AT LEAST 2003 AND IS NEITHER A PARTY/LITIGANT NOR INTERVENOR IN GAKUBA'S PENDING STATE HABEAS CORPUS CASE, OR, FOR THAT MATTER, IN ANY PAST OR PRESENT STATE HABEAS CORPUS CASE COMPARABLE TO GAKUBA'S.

⑥ DOROTHY BROWN'S OBDURATE REFUSAL TO FILE GAKUBA'S PRO SE HABEAS CORPUS CASE SINCE JUNE 2019 IS W/O PRECEDENCE; IS LAWLESS; RESULTING IN A COMPLETE LACK OF JURISDICTION AS A PURELY ADMINISTRATIVE ACT STRIPPING HER OF ALL IMMUNITY DEFENSES. SEE E.G. ADAMS v. PUCINSKI 2002 US DIST LEXIS 21679 (N.D.IL. 11/5/02)(INVALID CONVICTIONS RESULT IN MONETARY RELIEF).

⑦ GAKUBA UNSUCCESSFULLY ATTEMPTED TO PRISON LEGAL MAIL HIS PRO SE STATE HABEAS CASE AT LEAST 6 TIMES: 1x IN JUNE 2019; 1x IN JULY 2019; 2x IN AUGUST 2019 (TO BOTH THE 2650 S. CALIFORNIA COURT CLERK'S OFFICE AND TO BROWN'S OFFICE AT 50 WASHINGTON/DALEY CENTER); 1x IN NOVEMBER 2019 TO BROWN'S PERSONAL KNOWLEDGE SUBORDINATES — JANICE JACKSON + MICHAEL MOORE (EACH COPIED); & 1x IN JANUARY 2020.

⑧ GAKUBA LETTERED IN JULY, AUG., SEPT., OCT., NOV., JANUARY 2019-2020 = COOK CO. CHIEF JUDGE EVANS (WHO RESPONDED HE'D LETTER BROWN RE: DENIAL ACCESS TO COURTS); COURT CLERK'S OFFICE (WHICH RETURNED THE 2 FILINGS FROM JUNE/JULY 2019 FALSELY CLAIMING HABEAS PETITIONS ARE TO BE FILED ONLY IN EXISTING/EXTANT CASES LIKE POST-CONVICTION ONES); DOROTHY BROWN (WHO RESPONDED GAKUBA SHOULD DIRECT MATTERS TO JANICE JACKSON, MICHAEL MOORE, THEN BROWN AGAIN); J. JACKSON; M. MOORE; AND LASTLY MARIE SPICUZZA W/ THE PROFFER TO DISMISS THIS FED'L LAWSUIT ONCE BROWN EXPEDIENTLY AND PROMPTLY FILES GAKUBA'S STATE HABEAS.

⑨ GAKUBA'S MOTHER AND BROTHER BOTH TELEPHONED AT VARIOUS TIMES: BROWN, JACKSON, MOORE AND REPORTED GETTING THE RUN AROUND; INCLUDING BEING TOLD (WRONGLY) THAT TO BEST ENSURE FILING/DOCKETING, GAKUBA HIMSELF SHOULD HAND-DELIVER HIS PLEADINGS.

⑩ DESPITE THE TIME CRITICAL NATURE OF HABEAS CORPUS PETITIONS, SUSPICIOUSLY, THE US MARSHALS SERVED BROWN IN NOV. 2019 -- 3 MONTHS AFTER THE AUGUST 2019 DIRECTIVE TO DO SO. WORSE STILL, INSTEAD OF THE 21 DAYS DEADLINE TO RESPOND, SUSPICIOUSLY, BROWN LAWYERED UP ~3 WEEKS AFTER BEING SERVED, THEN, INCREDULOUSLY, BROWN'S MOTION TO DISMISS WAS ALLOWED ANOTHER 2 MOS. TO BE FILED. SEE BRZOWSKI v. SPILLER 2015 US DIST LEXIS 37460 (N.D.IL.)(STATE CT. DELAYS = DUE PROCESS VIOL).

III. ARGUMENT

A. BROWN'S PETTIFOGGERY ; FRAUD UPON THE FED'L DISTRICT COURT

⑪ JAN. 17, 2020 BROWN FILES A 12 PAGE "MOTION TO DISMISS" PER RULE 12(b)(6). (ECF 43) IT RESORTS TO MATERIAL MISREPRESENTATIONS AND OMISSIONS IN A WANTON AND RECKLESS DISREGARD FOR THE TRUTH. WORSE STILL, ITS SOPHISTRIES ARE A CRAZY QUILT OF ROTE, FORMULAIC, LEGAL CONCLUSIONS STITCHED TO POINTLESS CASE LAWS FOR SUPPORT.

⑫ CASE IN POINT: (ECF 43, ID 403-404, PP. 5-6)

"SEE PEOPLE EX REL. RICHESON V. SHERIFF OF COLES CO. 44 ILL. 2d 20 (1969). (AT THE TIME THE PETITION WAS FILED, THE PETITIONER WAS NEITHER SENTENCED FROM, NOR CONFINED IN, COLES CO. CONSEQUENTLY, THERE EXISTED NO STATUTORY AUTHORITY FOR FILING A HABEAS CORPUS PETITION IN THE CIR. CT. OF COLES CO.) IT IS CLEAR FROM PL.'S EXH. 3 THAT HIS HABEAS PETITION SHOULD HAVE BEEN FILED IN WINNEBAGO CO. OR THE COUNTY IN WHICH HE WAS INCARCERATED PURSUANT TO 735 ILCS 5/10-103. THEREFORE, [BROWN] HAD NO DUTY TO FILE PL.'S HABEAS PETITION AND [THE] COMPLAINT SHOULD BE DISMISSED W/ PREJUDICE."

⑬ PETTIFOGGERY: THIS 1969 CASE -- 51 YEARS AGO -- CITES TO ILL. REV. STAT. 1967, CH. 65, ¶2. SEE RICHESON 44 ILL. 2d AT 21. THE CONTROLLING LAW: 735 ILCS 5/10-101 ET SEQ. (WEST 2016) RENDERS THIS CITED CASE LAW POINTLESS, ARCHAIC, AND IRRELEVANT.

⑭ FRAUD: BROWN'S LAWYER -- MARIE SPICUZZA -- NOT ONLY CITES POINTLESS CASES, SHE THEN RESORTS TO DECEITFUL PARAPHRASEOLOGY. THE TRUTH: RICHESON AT 20 ("OVERVIEW: [...] UPON THE SHERIFF'S MOTION, THE APPLICATION WAS DISMISSED."); RICHESON AT 21 ("THIS AND A ~~SUBSTANTIALLY~~ SUBSEQUENTLY FILED AMENDED PETITION WERE DISMISSED ON RESPONDENT'S MOTIONS.") (EMPHASIS ADDED)

B. BROWN LACKS STANDING ; COMMITS UNLAWFUL OVERREACH

⑮ ON POINT: INSTRUCTIONAL LAWSON V. VERUCHI 637 F.3d 699, 704 (7TH 2011)

AT 704: "THE DIST. CT. DISCOUNTED COLWIN'S DEPOSITION TESTIMONY CONCLUDING THAT SHE WAS PROBABLY UPSET THAT SHE HAD CAUSED THE WRONG INDIVIDUAL TO BE ARRESTED [...] THAT MIGHT MAKE A CONVINCING CLOSING ARGUMENT, BUT THAT IS A QUESTION FOR THE JURY, NOT THE JUDGE." (EMPHASIS ADDED)

⑯ HERE, THE QUESTION OF PROPER OR IMPROPER VENUE IS FOR, FIRST AND FOREMOST, BARUBA TO DECIDE, THEN, THE RESPONDENT TO WAIVE OR -- BY MOTION -- CHANGE : NOT BROWN AS COURT CLERK. 735 ILCS 5/2-104 (W.2016)

(17) ON POINT: DISPOSITIVE → BARUBA MONTANEZ v. MENARD WARDEN 2019 IL APP (5TH) 180191-U *9-12

AT *12: "ALTHOUGH PL. FILED HIS [HABEAS] IN THE WRONG VENUE, THIS ERROR DID NOT DIVEST THE CIR. CT. OF JURISDICTION [, AND ERRED IN DISMISSING ON THAT BASIS.]"

AT *12: "A DEFT. WAIVES HIS/HER OBJECTION TO IMPROPER VENUE UNLESS HE/SHE FILES A TIMELY MOTION TO TRANSFER TO A PROPER VENUE. 735 ILCS 5/2-104(b) (WEST 2016)." (EMPHASIS ADDED)

AT *10: COURT ACTED SUA SPONTE AS DEFT. FAILED TO OBJECT "TO COURT'S PERSONAL JURISDICTION OR MOVE TO TRANSFER. 735 ILCS 5/2-301(a) (WEST 2016)."

AT *11: "THE ST. CLAIR CO. CIR. CT. ALSO HAD PERSONAL JURISDICTION OVER DEFT. BECAUSE ILLINOIS WARDENS ARE AMENABLE TO SUIT IN ANY CIRCUIT COURT IN ILLINOIS. SEE WATKINS v. PAGE 322 ILL. APP. 3d 360, 363 (2001) ("THE HABEAS CORPUS ACT, WHICH GRANTS CIRCUIT COURTS AUTHORITY TO ISSUE WRITS OF HABEAS CORPUS, DOES NOT CONFINE THE COURT'S AUTHORITY TO ONLY THOSE WARDENS W/IN ITS CIRCUIT.") (EMPHASIS ADDED)

C. THE PLAIN LANGUAGE OF THE STATUTE: 735 ILCS 5/2-104 (WEST 2016)

(18) "735 ILCS 5/2-104: WRONG VENUE -- WAIVER -- MOTION TO TRANSFER

(a) NO ORDER OR JUDGMENT IS VOID BECAUSE RENDERED IN THE WRONG VENUE [.]"

"(b) ALL OBJECTIONS OF IMPROPER VENUE ARE WAIVED BY A DEFT. UNLESS A MOTION TO TRANSFER TO A PROPER VENUE IS MADE BY THE DEFT." IN A TIMELY MANNER. 735 ILCS 5/10-102, 103 HABEAS ACT (W. 2016).

(19) ON POINT: DISPOSITIVE → BARUBA WATKINS v. PAGE 322 ILL. APP. 3d 360 AT 363 (2001)

AT 363: "AS A GENERAL RULE IN ILLINOIS, ONCE A CIRCUIT COURT OBTAINS SUBJECT-MATTER JURISDICTION OVER A CAUSE, IT RETAINS THAT JURISDICTION UNTIL ALL ISSUES OF LAW AND FACT ARE DETERMINED. [CITATIONS]."

(20) HERE, BROWN'S/SPICUZZA'S DISHONESTY IN THE 12-PAGE DISMISSAL MOTION SHOCKS THE CONSCIOUS AND INSULTS THE INTELLIGENCE. (ECF 43) SEE ACCORD RODAS v. SEIDLIN 656 F.3d 610, 612 (7TH 2011) (DISCUSS STATUTORY INTERPRETATION: GOOD SAMARITAN ACT; "AS TO THE MERITS, WE CONCLUDE THAT DEFT'S INTERPRETATION OF THE GOOD SAMARITAN ACT IS INCONSISTENT W/ THE PLAIN LANGUAGE OF THE STATUTE AND THE CASE LAW INTERPRETING IT.")

(21) ON POINT: ACCORD <u>HENDRICKS v. BD OF TRUSTEES OF POLICE</u> 2015 IL App(3d) 140858 (38 NE 3d 969) (WHEN INTERPRETING A STATUTE A COURT MAY NOT DEPART FROM THE PLAIN LANGUAGE OF THE STATUTE AND READ INTO IT EXCEPTIONS, LIMITATIONS, OR CONDITIONS THAT ARE NOT CONSISTENT W/ THE EXPRESS LEGISLATIVE INTENT).

(22) HERE, BROWN/SPICUZZA SELF-AGGRANDIZE THAT COURT CLERKS CAN DISPLACE THE AUTHORITY OF A JUDGE. FANTASTIC AND DELUSIONAL.

D. <u>INJUNCTIVE/EQUITABLE RELIEF CRITERIA OVERWHELMINGLY MET</u>

(23) THE CRITERIA IS WELL ESTABLISHED: (1) GAHUBA IS LIKELY TO SUCCEED ON THE MERITS, AND (2) LIKELY TO SUFFER IRREPARABLE HARM IN ABSENCE OF RELIEF WHEREBY THERE IS NO ADEQUATE REMEDY AT LAW. THAT THRESHOLD MET, THE COURT CONSIDERS THEN: (3) ANY IRREPARABLE HARM TO BROWN IF RELIEF IS GRANTED BALANCING THAT HARM AGAINST GAHUBA'S IF RELIEF IS DENIED; AND (4) ANY PUBLIC INTEREST INVOLVED.

(24) HERE, EVEN BY BROWN'S SOLE CITATION -- A 51 YEAR OLD CASE IMPLICATING A 57 YEAR OLD LAW -- VESTS SOLELY THE VENUE CHOICE TO THE CASE'S LITIGANTS : NOT THE COURT CLERK (i.e. BROWN). <u>ATCHESON</u> 44 Ill. 2d AT 21 (HABEAS PETITIONS "WERE DISMISSED ON RESPONDENT'S MOTIONS.") (EMPHASIS)

(25) HERE, AN UNTIMELY HABEAS'S ONLY RECOURSE IS VIA AN EXTRAORDINARY WRIT OF CORAM NOBIS. THIS IS IRREPARABLE HARM -- NOT TO MENTION THE PERPETUATION OF AN ACTUALLY INNOCENT MAN'S FALSE IMPRISONMENT. <u>CRANK v. DUCKWORTH</u> 905 F. 2d 1090, 1091 (7th 1990)(CORAM NOBIS ONLY REMEDY IF IMPRISONMENT ENDS PRIOR TO HABEAS RELIEF); <u>CORCORAN v. BUCHER</u> 41 FED. APPX 881 (7th 2002).

(26) HERE, BROWN FAILS TO STATE ANY HARM SHE'D SUFFER IF RELIEF IS GRANTED BECAUSE COMMON SENSE REASONING REVEALS NONE TO BE FOUND BY A PROFLIGATE MALFEASOR AS BROWN.

(27) HERE, THE PUBLIC INTEREST IS SELF-EVIDENT : DENYING ACCESS TO THE COURTS IS A FLAGRANTLY EGREGIOUS 1st AMEND. VIOLATION -- THE TOUCHSTONE OF AMERICAN DEMOCRACY.

E. <u>BROWN'S ARGLE-BARGLE : III - V ARGUMENTS ARE NONSENSE (ECF 43, ID 403, pp 7-10)</u>

(28) THESE ARE MERITLESS; UNWORTHY OF CONSIDERATION; SPAGHETTI-AGAINST-THE-WALL BALD CLAIMS.

F. **CONCLUSION**

29) The key to Gakuba's success, much less survival, as a commodities futures trader/hedge fund manager/registered investment adviser was to double up on winners and quickly cut losses on losers.

30) But not if you're a corrupt public official as losses are borne by the public. It allows the likes of corrupt police such as Jon Burge, Ron Watts, and now Charles O'Brien — Gakuba v. O'Brien 12CV7296 (ND.IL) — to act w/ impunity.

31) After Gakuba settled for 5-figures on the 2nd–3rd court appearance Gakuba v. Kauther 11CV9090 (ND.IL) as corrupt police illegally placed a GPS tracker on Gakuba's Toyota in retaliation for Gakuba suing on 4th Amend. violations, Gakuba contacted FBI Chicago.

32) Regretfully, a senior special agent explained that they would not criminally investigate because, assuming they obtained a conviction, "no judge will lock them up for what they did to you." Adding, the FBI is in the business of "putting people in jail" and w/o jail time, these corrupt police are immune to criminal liability. Disturbing. Accord People v. Johnson 208 Ill.2d 53, 65 (2003)(citing law articles to expose the problem of prosecutorial misconduct, "a problem that courts across the country have, for the most part, been unable or unwilling to control."). Troubling.

33) Restore Gakuba's — and by extension the public's — confidence in the integrity of the judiciary and democracy writ large. Grant all equitable relief promptly to right this miscarriage of justice and put it firmly back on the rails of the rule of law.

---

| VERIFICATION - CERTIFICATION/DECLARATION | Under penalties of perjury per 735 ILCS 5/109, 28 USC §1746 Gakuba certifies the above statements are true to the best of his knowledge + belief. |
|---|---|
| PROOF OF FILING + SERVICE ON 2/7/20 Peter Gakuba prison legal mailed this pleading to: 18 USC §1621, 735 ILCS 5/109 USDC-ND.IL Clerk | /s/ 2/7/20  Peter Gakuba (M52946) 6695 State Rt. 146 East, Vienna, IL 62995  /s/ Peter Gakuba |

6/6

PETER GAKUBA (M52946)
VIENNA CC
6695 STATE RT., 146 E.
VIENNA, IL 62995

COURT CLERK - PRISONERS
U.S. DISTRICT COURT - N.D. IL.
219 S. DEARBORN ST., 20TH FL.
CHICAGO, IL 60604



Correspondence is from an inmate of IL Dept of Corrections

U.S. POSTAGE $007.85
ZIP 62995
FEB 10 2020

NAME & NUMBER: Peter Bakuba (M52946)
VIENNA CORRECTIONAL CENTER
6695 STATE RT. 146 EAST
VIENNA, IL. 62995

SHIP TO:
NAME: Court Clerk - Prisoners
U.S. District Court - N.D.IL.
NUMBER STREET, P.O. BOX, ROUTE: 219 S. Dearborn St., 20TH FL.
CITY, STATE, ZIP CODE: Chicago, IL 60604


02/14/2020 -1

RECEIVED
FEB 14 2020
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT