IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PETER GAKUBA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19 C 05429 |
| | ) | |
| DOROTHY BROWN et al., | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons set forth in the Statement below, the Court grants the defendant's motion to dismiss [43]. The plaintiff does not have a constitutional right to file a habeas corpus petition in the state court of his choosing. For this and other reasons set forth in the Statement below, the complaint is dismissed with prejudice. All other pending motions are denied as moot. Enter Final Judgment. Case terminated.

## STATEMENT

Plaintiff Peter Gakuba brings a *pro se* complaint pursuant to 42 U.S.C. § 1983 against defendant Dorothy Brown, Clerk of the Circuit Court of Cook County. Mr. Gakuba alleges that he mailed three habeas corpus petitions to the Clerk in June and July 2019 and that Ms. Brown denied him access to the courts by failing to file his petitions. He seeks monetary damages and injunctive relief. Mr. Gakuba filed a motion for leave to proceed *in forma pauperis*, which the Court granted in August 2019. He repeatedly sought recruited counsel, including for the limited purpose of electronically filing his state habeas corpus petition. The Court denied these motions, as Mr. Gakuba's filings "reflect that he is intelligent, literate, and . . . an experienced litigator" able to competently present his claims at this stage of the litigation. ECF No. 49. The defendant has filed a motion to dismiss for failure to state a claim upon which relief may be granted.

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted) (internal quotation marks omitted). Under federal pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Put differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Gakuba alleges that he mailed three copies of a habeas corpus petition, along with all appendices, via prison legal mail to the Clerk of the Circuit Court of Cook County on June 10, July 11, and July 25, 2019. Mr. Gakuba also sent a copy of his habeas petition to the Office of the Illinois Attorney General on July 13, 2019 and to Ms. Brown directly on July 25, 2019. On June 26, Mr. Gakuba wrote to Ms. Brown and to Circuit Court of Cook County Chief Judge Timothy Evans requesting confirmation that his habeas petition had been filed. Mr. Gakuba received a response on behalf of Chief Judge Evans dated July 16, advising him that, while Chief Judge Evans could not order Ms. Brown to file his pleadings, he had forwarded his letter to the Clerk's office. On July 25, 2019, Ms. Brown wrote to Mr. Gakuba acknowledging receipt of the letter forwarded from Chief Judge Evans's office regarding the status of Mr. Gakuba's state habeas petition. Ms. Brown stated that the Clerk's Office had not received any of the petitions he had mailed. Mr. Gakuba alleges that all of the other prison legal mail he has sent has been received and properly docketed. He suspects that Ms. Brown did receive his petitions but refused to file them, obstructing his access to the courts. Accordingly, Mr. Gakuba brought this case in federal court against Ms. Brown on August 12, 2019. In later filings, he has emphasized his desire to see this case expeditiously adjudicated, as he is due to be released from custody on April 27, 2021, and the five-year statute of limitations for a claim that Mr. Gakuba hopes to bring against a police officer witness in his underlying criminal case will expire on April 28, 2020.

Mr. Gakuba's complaint boils down to an allegation that Ms. Brown violated his constitutional rights when she failed to file his petition for a writ of habeas corpus. There are several fundamental and related problems with his claim. First, Mr. Gakuba cannot maintain a federal civil rights cause of action for damages against a state agency. A state and its agencies are not suable "persons" within the meaning of § 1983. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989)). The same holds true for state employees sued in their official capacities. Further, even if § 1983 permitted suits for damages against state agencies, the Constitution bars them. Under the Eleventh Amendment, states have immunity from suits for damages in federal courts. "A state and its agencies cannot be subject to a federal suit without the state's consent." *Haynes v. Indiana Univ.*, 902 F.3d 724, 731 (7th Cir. 2018). This immunity extends to state agencies and state employees sued in their official capacities. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). The Clerk of Court is a state employee. *Farrar v. Glantz*, No. 00-CV-00275, 2000 WL 574682 (N.D. Ill. May 9, 2000) ("Because the Clerk of the Court is a member of the state government and not the local government, Eleventh Amendment immunity is triggered."). Accordingly, Ms. Brown may not be sued in her official capacity.

Mr. Gakuba alleges that he is suing Ms. Brown in her personal capacity as well, but that claim also fails for multiple reasons. As explained in the Court's initial review order [6], *Heck v. Humphrey*, 512 U.S. 477 (1994), bars actions for damages where a "judgment in favor of the [prisoner] would necessarily imply the invalidity of his . . . sentence." *Id*. at 486-87. Under *Heck*, a prisoner cannot seek damages based on an allegedly unconstitutional sentence unless that "sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. *Heck*'s favorable termination rule dooms Plaintiff's § 1983 claim because "where the prisoner is complaining about being hindered in his efforts to get his conviction set aside, the hindrance is of no consequence if the conviction was valid, and so he cannot get damages until the conviction is invalidated." *Hoard v. Reddy*, 175 F.3d 531, 534 (7th Cir. 1999) (affirming dismissal of access to courts claim based on the defendants'

alleged efforts to hinder litigation of the prisoner's post-conviction petition). A colorable access to courts claim requires "an actual injury, and in the criminal access context the only injury of consequence is that a prisoner was blocked from invalidating his conviction." *Butler v. Bramlet*, No. 14-CV-0537-MJR-PMF, 2016 WL 3475607, at *1 (S.D. Ill. June 27, 2016). Mr. Gakuba's underlying conviction has not been invalidated, so he has no such injury. That means that he cannot presently litigate his claim for damages attributable to the alleged refusal to file his state habeas petition.

Even if *Heck* did not bar his claim, the complaint does not begin to state a plausible claim that Ms. Brown is personally responsible for the disappearance, or non-filing, of his habeas petition. The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Section 1983 is premised on the wrongdoer's personal responsibility; therefore, an individual cannot be held liable in a § 1983 action unless she caused or participated in an alleged constitutional deprivation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012) (citations omitted). Mr. Gakuba's complaint sets forth no allegations plausibly suggesting that Ms. Brown personally caused or participated in the deprivation of a federal right to have his habeas corpus petition filed in the Circuit Court of Cook County, as would be necessary to state a claim under § 1983.

Which brings us to a final point: Mr. Gakuba has no federal right to have his state law habeas petition filed in a particular state court. Federal law has nothing to say about state law habeas venue rules. The state of Illinois permits access to its courts via petitions for writs of habeas corpus in the county in which the petitioner is in custody or in the county in which the petitioner was convicted. 735 Ill. Comp. Stat. 5/10-103. As to Mr. Gakuba's claim, neither of those locations is in Cook County. Mr. Gakuba is currently in custody in Johnson County and was convicted in Winnebago County. Under state law, these counties are the venues in which his habeas petition may properly be filed. *People ex rel. Richeson v. Sheriff of Coles Cty.*, 40 Ill. 2d 20, 22, 253 N.E.2d 368, 369 (1969) (affirming dismissal of habeas petition because there was "no statutory authority" for the filing of the petition in county other than the one in which petitioner was being held or in which the petitioner was convicted). Application of this requirement does not deny Mr. Gakuba "access to the courts" in violation of the First Amendment; if Mr. Gakuba seeks access to the state court, he has merely to file his petition in the forum that the state has provided.[1] And to the extent that Mr. Gakuba claims that Ms. Brown has violated state law in failing to accept his habeas petition for filing, he makes a claim under state law, not federal; questions of venue in state collateral proceedings are questions of state law that are non-cognizable under federal law. *Silva v. Williams*, No. 14 C 5203, 2014 WL 6435120, at *8 (N.D. Ill. Nov. 17, 2014) (St. Eve, J.). Ms.

---

[1] When the Court inquired at a status hearing why Mr. Gakuba was seeking to file his habeas petition in the Circuit Court of Cook County, he replied that "I'm looking for a venue where the interest of justice are [sic] served. . . . And I believe from what I heard and the feedback I received from the prison populations and the prisons I've been in that Cook County has a diverse bench of judges and they keep the trans moving." While Ms. Brown doubtless appreciates the complement, Mr. Gakuba's high regard for the Cook County Circuit Court does not provide a federal right to file his habeas petition in that court.

Brown, whether acting as a state official or private individual, has no duty under *federal* law to file a state court habeas petition in the Circuit Court of Cook County.

The complaint, then, must be dismissed. To the extent that he seeks damages, Mr. Gakuba cannot proceed against Ms. Brown in her official capacity, and he fails to state a claim against Ms. Brown in her personal capacity. Lacking a viable claim, he can obtain injunctive relief against her in neither capacity. Accordingly, Ms. Brown's motion to dismiss [43] is granted. Ordinarily, an initial dismissal pursuant to § 1915(e) is without prejudice; plaintiffs generally should be given at least one opportunity to cure pleading deficiencies. But with respect to Mr. Gakuba's claim, any such amendment would be futile; he cannot, by repleading, avoid the obstacles identified above. Any effort to amend would be futile. Accordingly, the dismissal is with prejudice. This disposition counts as a dismissal under 28 U.S.C. § 1915(g).

Final judgment will be entered. If Plaintiff seeks to appeal, he must (absent grounds to extend the period) file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If Plaintiff seeks leave to proceed *in forma pauperis* on appeal so that he may pay the appellate filing fee in installments, he must file a motion seeking leave to do so in this Court. *See* Fed. R. App. P. 24(a)(1). His motion must include his intended grounds for appeal. If the appeal is found to be non-meritorious, Plaintiff could be assessed another "strike" under 28 U.S.C. § 1915(g). If Plaintiff accumulates three dismissals under 1915(g), he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Dated: March 20, 2020 /s/ John J. Tharp, Jr.
John J. Tharp, Jr.
United States District Judge